562 A.2d 386

**Kimberly GARRETT, a minor, by her parents, Curtis and Joan GARRETT, and Curtis and Joan Garrett, in their own right, Appellants,**

**v.**

**Sheila MOYSTON, a/k/a Sheila Henderson and Viscount Moyston, and City of Philadelphia, and Southeastern Pennsylvania Transportation Authority and Commonwealth of Pennsylvania, Department of Transportation, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 7, 1989.

Decided June 27, 1989.

Joan Saltzman, with her, Philip M. Farber, Jerold Allen, Master, Donsky, Soffian & Allen, Philadelphia, for appellants.

Barbara R. Axelrod, Division Deputy in Charge of Appeals, with her, Norma S. Weaver, Deputy in Charge of Claims, David A. Soltz and Seymour Kurland, City Solicitors, for City of Philadelphia.

John M. Pehlan, George A. Edel, Philadelphia, for appellees.

Before CRUMLISH, Jr., President Judge, McGINLEY, J. (P.), and NARICK, Senior Judge.

McGINLEY, Judge.

Kimberly Garrett, a minor, and Curtis and Joan Garrett, her parents (collectively, Appellants) appeal from a decision of the Court of Common Pleas of Philadelphia County (trial

court) granting the motion of the City of Philadelphia (City) and entering judgment for the City.

Kimberly Garrett suffered catastrophic injuries as a result of an accident which occurred in the City. Kimberly was waiting for a bus in the rain and took shelter in the only shelter available, that being a telephone booth located across Easton Road from the bus stop. The bus stop was located on the north side of Easton Road. As she crossed Easton Road at or near its intersection with Lowber Street to board a bus she was struck by a vehicle operated by Sheila Moyston and owned by Viscount Moyston (collectively, Moystons).

Appellants brought an action against the City, the Moystons, and the Southeastern Pennsylvania Transportation Authority (SEPTA). Two counts were brought against the City, one by Kimberly Garrett by her parents, and the second by her parents in their own right.[1] The complaint contained the following relevant averments:

19. On the 16th day of December, 1982 and for a long time prior thereto, Easton Road and Lowber Street were two of the roads, streets, and highways of the City of Philadelphia open for public use.

20. At all times material hereto, it was the duty of the Defendant, CITY OF PHILADELPHIA, to keep and maintain the intersection of Easton Road and Lowber Street in a reasonably safe condition for public travel thereon.

21. At all times material hereto, it was the duty of the Defendant, CITY OF PHILADELPHIA, *to designate and/or approve of the placement of bus stops,* erection of traffic controls, provide crosswalks, and to post highways within its borders. For the safety and protection of pedestrians, one of whom was the minor plaintiff.

22. On or about December 16, 1982, at approximately 6:45 a.m., the Plaintiff, KIMBERLY GARRETT, a minor, was crossing Easton Road at or near its intersection with

---

1. We are concerned here only with the counts which were brought against the City.

Lowber Street from south to north, in order to get to a bus stop located on the north side of Easton Road, when she was struck by the motor vehicle aforesaid and as a result, the Plaintiff, KIMBERLY GARRETT, suffered damages hereinbefore set forth.

23. At all times relevant hereto, there were no crosswalks, *traffic controls or traffic signs* at or near the intersection of Easton Road and Lowber Streets [sic] and the omission of same had existed for a long time prior to December 16, 1982 and said lack of crosswalks, traffic controls and/or traffic signs created a dangerous condition for pedestrians, one of whom was the minor plaintiff.

24. Defendant, CITY OF PHILADELPHIA, had or should or could have had knowledge or notice of the danger created by the omission of the aforementioned.

25. At the time and place aforesaid, the carelessness and negligence of the Defendant, City of Philadelphia, consisted of the following:

. . . .

(b) failing to provide crosswalks, *traffic signs, traffic controls* or to post said highway;

(c) *designating bus stop at a location Defendant knew or should have known was dangerous condition for the safety of those crossing Easton Road, one of whom was the minor Plaintiff* . . . .

Complaint, para. 19–23, 25(b), 25(c), Reproduced Record (R.R.) at 13a–14a (emphasis added).

The City filed an answer denying Appellants' averments, and alleged that the action was barred by governmental immunity.[2]

Following the close of pleadings, the City moved for judgment on the pleadings. The City claimed, *inter alia,* that Appellants' allegation that the City had negligently designated the bus stop was barred by governmental immunity.

---

**2.** Answer and new matter, para. 46, R.R. at 31a.

The trial court granted the City's motion. The trial court first addressed Appellants' claim that the City was negligent in failing to provide crosswalks, traffic signs, or traffic signals. The trial court held that the City had no duty to provide crosswalks, traffic signs, or traffic signals, so that the City was not negligent in failing to provide them.[3] The trial court next disposed of Appellants' contention that the City designated a bus stop at a location that it knew or should have known was dangerous. The trial court stated that "there is no indication that the bus stop was negligently located."[4] The trial court also held Appellants' claim was barred by governmental immunity because it did not constitute a cause of action under either common law or statute, as required by Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a), and because the claim did not fall within one of the exceptions to governmental immunity contained in Section 8542(b) of the Judicial Code, 42 Pa.C.S. § 8542(b). The trial court granted the City's motion for judgment on the pleadings. Appellants filed the within appeal.

Appellants allege that the trial court committed several errors when it granted judgment in favor of the City. First, Appellants contend that the trial court improperly granted judgment on the pleadings when a material issue of fact still existed. Appellants specifically allege that the trial court erroneously determined that as a matter of law the City was not negligent in designating the location of the bus stop.

Secondly, Appellants allege that the trial court erred in determining that their claim did not fall within any of the eight enumerated exceptions to governmental immunity contained in 42 Pa.C.S. § 8542(b). Appellants contend that their claim that the City negligently designated a bus stop and bus stop sign falls within the "trees, traffic controls

---

**3.** The Plaintiffs do not contend on appeal that the City was negligent for failing to provide crosswalks, traffic controls or traffic signals. Consequently, we will not further address this claim.

**4.** Trial court's opinion, July 12, 1988, at 3.

and street lighting" exception pursuant to Section 8542(b)(4) of the Judicial Code, 42 Pa.C.S. § 8542(b)(4).

Finally, Appellants allege that the trial court erred by failing to determine that the City had a common law duty, once it designates a bus stop and bus stop sign, to do so in a non-negligent fashion. Appellants allege that the trial court's error in this regard was further compounded because the City conceded that it had a common law duty to Appellants with respect to the careful placement of the bus stop and bus stop sign.

The City responds that the trial court correctly determined that the Appellants' claim did not fall within any of the eight enumerated exceptions to immunity as set forth in Section 8542(b) of the Judicial Code. The City specifically alleges that a bus stop is not a "traffic control" so that a claim that the City negligently designated a bus stop does not fall within the "trees, traffic controls and street lighting" exception pursuant to Section 8542(b)(4) of the Judicial Code. The City also contends that Appellants did not allege in their complaint that the City negligently designated the bus stop sign, so that they have waived their contentions that: 1) the City negligently designated the bus stop sign; and 2) such an allegation falls or comes within the "trees, traffic controls and street lighting" exception pursuant to Section 8542(b)(4) of the Judicial Code. The City also alleges that as a matter of law the City could not be held negligent because the minor Appellant's injuries were caused by an act of a third person and not caused by any act of the City.

In reviewing a grant of judgment on the pleadings, our scope of review is limited to determining whether the trial court committed an error of law or abused its discretion. A motion for judgment on the pleadings is in the nature of a demurrer in which all of the opposing party's well-pleaded allegations are viewed as true, but only those facts specifically admitted by the objecting party may be considered against him. Such motions may only be granted in cases where no material facts are at issue and the law is so clear

that a trial would be a fruitless exercise. *E–Z Parks v. Philadelphia Parking Authority*, 110 Pa.Commonwealth Ct. 629, 633–34, 532 A.2d 1272, 1275 (1987).

The trial court entered judgment for the City for two reasons: 1) because it found that there was no indication that the bus stop was negligently located, and 2) because it held that Appellants' claims were barred by governmental immunity.

■ We agree with the trial court's determination that the Appellants failed to plead facts stating a claim in negligence. In *Farber v. Engle*, 106 Pa.Commonwealth Ct. 173, 525 A.2d 864 (1987) and *Bryson v. Solomon*, 97 Pa. Commonwealth Ct. 530, 534, 510 A.2d 377 (1986), we established that the City has no duty at common law or by statute or ordinance to erect traffic controls. Appellants alleged in their complaint that the City breached a duty to pedestrians who were crossing the street to reach the bus stop by placing the bus stop at a location which lacked traffic controls. Essentially, they are alleging that the risk of harm was caused by the lack of traffic controls. This allegation is no different than the allegations of negligence which we found to be insufficient in *Farber* and *Bryson*.

The trial court also correctly determined that Appellants' claims were barred by governmental immunity because their claim that the City negligently designated a bus stop did not fall under one of the exceptions to immunity as set forth in Section 8542(b) of the Judicial Code.

■ A complaint in which a plaintiff seeks to recover from a local agency will be barred by governmental immunity unless the complaint: 1) alleges that the injury was caused by an act of a local agency employee which constituted a crime, actual fraud, actual malice or willful misconduct;[5] or 2) sets forth a cause of action pursuant to Section 8542 of the Judicial Code. A plaintiff seeking to recover under Section 8542 of the Judicial Code must meet two distinct requirements. First, the plaintiff must show that

5. *See* Section 8550 of the Judicial Code, 42 Pa.C.S. § 8550.

he possesses a common law or statutory cause of action against the local agency pursuant to Section 8542(a) of the Judicial Code, 42 Pa.C.S. § 8542(a). Second, the alleged negligent act must fall under one of the exceptions to governmental immunity as set forth in Section 8542(b) of the Judicial Code.

In support of their theory that their action is not barred by governmental immunity, Appellants maintain that their claim that the City negligently designated the bus stop falls within the "trees, traffic controls and street lighting" exception pursuant to Section 8542(b)(4) of the Judicial Code.

Section 8542(b)(4) provides as follows:

The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:

. . . .

(4) Trees, traffic controls and street lighting.—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

42 Pa.C.S. § 8542(b)(4).

■ We cannot accept Appellants' contention that their complaint stated a cause of action under 42 Pa.C.S. § 8542(b)(4). They specifically averred in the complaint that "at all times relevant hereto, there were no crosswalks, *traffic controls* or traffic signs." [6] Consequently, their complaint did not allege "a dangerous condition of ... other

6. Complaint, para. 23, at R.R. 13a.

traffic controls" as is required under Section 8542(b)(4) of the Judicial Code.

Further, we conclude that a bus stop does not constitute a "traffic control." We first note that the Judicial Code does not define the term "traffic control." We turn, instead, to Section 102 of the Motor Vehicle Code, 75 Pa.C.S. § 102 for a definition of traffic control. Section 102 of the Motor Vehicle Code sets forth two definitions relating to traffic control. A traffic control signal is defined as "[a] device, whether manually, electrically or mechanically operated, by which traffic is alternately directed to stop and permitted to proceed." Clearly, a bus stop is not a traffic control signal.

Section 102 of the Motor Vehicle Code also defines "official traffic-control devices" as "[s]igns, signals, markings and devices not inconsistent with this title placed or erected by authority of a public body or official having jurisdiction, for the purpose of regulating, warning or guiding traffic." Without further analysis of other provisions in the Motor Vehicle Code, it might seem on first glance that a "bus stop" meets this description. "The definition of a term used specifically in the legislation does not stand alone, however; it must be read in the context of the act." *McHale v. Department of Transportation*, 520 Pa.Commonwealth Ct. 282, 553 A.2d 956 (1989) (interpreting the meaning of the term "demotion" under the Civil Service Act).[7]

The term "official traffic-control devices" must be reviewed in *pari materia* with Section 3111 of the Motor Vehicle Code, 75 Pa.C.S. § 3111, which provides in relevant part:

(a) Unless otherwise directed by a uniformed police officer ... the driver of any vehicle shall obey the instructions of any applicable official traffic-control device placed or held in accordance with the provisions of this title....

7. The Civil Service Act, Act of August 5, 1941, P.L. 752, *as amended,* 71 P.S. §§ 741.1–741.1005.

(b) No provision of this title for which official traffic-control devices are required shall be enforced against an alleged violator if at the time and place of the alleged violation an official device is not in proper position and sufficiently legible to be seen by an ordinarily observant person....

Section 3111(a) and (b) of the Motor Vehicle Code. The context in which the term "official traffic-control device" is actually used in section 3111 of the Motor Vehicle Code indicates that a bus stop is not an official traffic control device. One cannot "obey the instructions of" a bus stop. Nor can it be said that the General Assembly intended for persons to be prosecuted under the Motor Vehicle Code for failure to "obey the instructions of" a bus stop. Consequently, because a bus stop is not a traffic control under either definition, Appellants have failed to set forth a claim pursuant to Section 8542 of the Judicial Code.

Appellants argue in the alternative that their complaint avers that the City negligently erected a *bus stop sign,* and that this averment brings the cause of action within an exception to governmental immunity pursuant to Section 8542(b)(4) of the Judicial Code. Appellants' argument contains one obvious flaw; the complaint included no mention whatsoever of a bus stop sign, let alone an allegation that the City had negligently erected such a sign. Appellants suggest that the allegation that the City had negligently erected a bus stop sign can be *inferred* from the averment in the complaint that the City negligently had designated a bus stop.[8] We fail to see how such an inference can be justified when the complaint specifically states that "[a]t all times relevant hereto, there were no crosswalks, *traffic controls or traffic signs."* [9] Accordingly, we reject the suggestion that the complaint avers the existence of a dangerous condition with respect to a bus stop sign, and we do not reach the issue concerning whether or not a bus stop sign is a traffic sign for purposes of Section 8542(b)(4) of

8. Appellants' Reply Brief at 10.
9. Complaint, para. 23, at R.R. 10.

the Judicial Code. Furthermore, we note that Appellants failed to argue to the trial court that the complaint alleged the existence of a dangerous condition with respect to a bus stop sign,[10] and the issue is waived.

Accordingly, we affirm the decision of the trial court.[11]

## ORDER

AND NOW, this 27th day of June, 1989, the decision of the Court of Common Pleas of Philadelphia County in the above-captioned proceeding is affirmed.

---

10. Memorandum of Law in Opposition to Defendant, City of Philadelphia's Motion for Judgment on the Pleadings, at 8–14, at R.R. 113–119.

11. In view of our disposition of this matter, we find it unnecessary to address Appellants' final claim that the trial court erred by failing to determine that the City had a common law duty, once it designates a bus stop and bus stop sign, to do so in a non-negligent fashion. For the same reason we decline to address the City's contention that as a matter of law the City could not be held negligent because the minor Appellant's injuries were caused by an act of a third person and not as a result of any act of the City.