575 A.2d 980

**Joyce C. PALLANTE and Alfred J. Pallante, her husband, Appellants,**

**v.**

**CITY OF PHILADELPHIA and Commonwealth of Pennsylvania, Department of Transportation and Joe Doe d/b/a Ye Old Knight Cap Restaurant and Pub, Appellees.**

Commonwealth Court of Pennsylvania.

Argued March 6, 1990.

Decided June 12, 1990.

442

Nancy E. Campbell, Marks, Kent & O'Neill, P.C., Philadelphia, for appellants.

Allan E. Ells, Deputy Atty. Gen., with him, Ernest D. Preate, Jr., Atty. Gen., for appellees.

Before COLINS and McGINLEY, JJ., and SILVESTRI, Senior Judge.

## OPINION

COLINS, Judge.

The Pallantes appeal a Philadelphia County Common Pleas Court order granting the motion for judgment notwithstanding the verdict filed by the Commonwealth of Pennsylvania, Department of Transportation (Commonwealth) and denying the Pallantes' motion for post-trial relief and petition for delay damages.

Joyce Pallante sued the Commonwealth for personal injuries sustained when she fell in a pothole while crossing Chestnut Street, a state highway in Center City Philadelphia. The complaint alleged that the Commonwealth was negligent in its repair and maintenance of the street. The jury returned a verdict in favor of Joyce Pallante, awarding her $50,000 in compensatory damages, which was reduced to $25,000 based on the jury's finding that she was fifty percent contributorily negligent. The jury also denied Alfred Pallante's claim for loss of consortium.

### 1. Entry of J.N.O.V.

The trial court entered judgment n.o.v. for the Commonwealth based on its conclusion that there was no evidence that the Commonwealth had prior notice of the dangerous condition, as required by the exception to sovereign immunity. 42 Pa.C.S. § 8522(b)(5). The Pallantes contend that judgment n.o.v. was improper in this case. We agree.

▆ Judgment n.o.v. is an extreme remedy properly entered by the trial court only in a clear case where, after

viewing the evidence in the light most favorable to the verdict winner, no two reasonable minds could fail to agree that the verdict was improper. *Robertson v. Atlantic Richfield Petroleum Products Co.*, 371 Pa.Superior Ct. 49, 537 A.2d 814 (1987). The court must consider only the evidence which supports the verdict and afford the non-moving party the benefit of every fact and inference deducible therefrom. *Solomon v. Baum*, 126 Pa.Commonwealth Ct. 646, 560 A.2d 878 (1989).

Here, the Pallantes produced the testimony of the Commonwealth's maintenance inspector who was charged with inspecting the Chestnut Street area and recording potholes and other dangerous conditions in a log entry book. This witness confirmed three log entries, one in 1979 and two in 1982, establishing that the Commonwealth had actual notice of defects near the Eighth and Chestnut Streets intersection.

In entering j.n.o.v., the trial judge determined that this evidence could not establish the requisite notice because those recorded defects, in his opinion, did not match the exact location where Joyce Pallante fell, which was slightly away from the intersection. Such analysis of the evidence, however, amounts to fact-finding by the trial judge and invades the jury's province to determine the credibility of witnesses and draw inferences from the evidence. The jury was free to accept none, all, or any part of the inspector's testimony, including the log entry. The jury could have believed the inspector's log entry that there was a pothole, but disbelieved him as to its exact location or whether it was repaired prior to Joyce Pallante's injury in 1982. The evidence could lead one to reasonably infer that the pothole of which the inspector spoke was the same one into which Joyce Pallante fell. Accordingly, the trial court erred in entering judgment n.o.v.

### 2. Denial of Pallantes' Post–Trial Motions

The trial court denied the Pallantes' post-trial motion, which sought to vacate the jury's finding of contributory

negligence. The Pallantes renew this request on appeal, contending that (1) the trial judge should not have allowed the Commonwealth to amend its new matter to add the defense, and (2) there is no evidence supporting the jury's finding.

■ Although the trial court allowed the amendment near the close of Pallantes' case-in-chief, this was clearly within his discretion under Pa.R.C.P. No. 1033. The Rules provide for liberal amendment of pleadings, and generally place such matters within the trial court's discretion. *Potts Manufacturing Co. v. Loffredo*, 235 Pa.Superior Ct. 294, 340 A.2d 468 (1975). Here, the Pallantes were not prejudiced by the amendment since they had the opportunity to rebut any testimony bearing on Joyce Pallante's negligence. Moreover, the Pallantes cannot complain that they were prejudiced in preparing for this defense because it was previously pleaded by a co-defendant who remained a party until the commencement of trial. Accordingly, we find no abuse of discretion in the trial court's allowance of the amendment.

■ We also refuse to disturb the jury's finding that Joyce Pallante was contributorily negligent. The evidence before the jury included photographs of the pothole as well as Joyce Pallante's own testimony that she had not seen the defect. The jury could have reasonably inferred that Joyce Pallante was able to see and avoid the pothole had she exercised due care. Since we must afford the Commonwealth the benefit of every fact and inference deducible from this evidence, *Solomon*, we will not disturb the jury's finding under these circumstances.

■ The trial court also declined to enter judgment n.o.v. with regard to Alfred Pallante's loss of consortium claim. Although Alfred Pallante contends that this was error, he offers no authority for vacating the jury's refusal to award damages on this claim. The jury in its role as fact-finder, was not required to accept the testimony concerning consor-

tium. Therefore, this Court will not disturb the jury's verdict against Alfred Pallante.

Based on the foregoing, we reverse the trial court's entry of judgment n.o.v. in favor of the Commonwealth and affirm the denial of the Pallantes' motion for post-trial relief.

## ORDER

The order of the Philadelphia County Common Pleas Court, at No. 2216 March Term 1984, dated August 8, 1989, which granted the Commonwealth of Pennsylvania's motion for j.n.o.v., is reversed. That part of the same order, which denied Joyce and Alfred Pallante's motion for post-trial relief, is affirmed.

CRUMLISH, Jr., former President Judge, did not participate in the decision of this case.