## Gelbke v. Yeager

*Richard M. Serbin,* for plaintiffs Michael P. Gelbke and Yvonne McClain.

*Harry Lore,* for plaintiffs David E. McClain and Linda Baldwin.

*Gregory S. Olsavick,* for defendant Robert M. Yeager.

CARPENTER, *J.,* March 21, 1991—Before the court is the motion for summary judgment filed by defendant Tyrone Township to these consolidated actions. Plaintiffs have brought these actions as the result of a one-vehicle automobile accident which took place on June 16, 1984 on Township Road 573 in Tyrone Township. In that accident, driver David H. McClain and passenger Kevin L. Gelbke sustained fatal injuries, while another passenger, David E. McClain, sustained serious injuries rendering him a paraplegic. Plaintiffs have brought suit not only against defendant Robert M. Yeager, executor of the estate of David H. McClain, charging liability for the assertedly negligent operation of the automobile,

but also against defendant Tyrone Township, charging joint and several liability for the assertedly negligent design of Township Road 573 and the failure to provide appropriate traffic-warning signs.

With regard to the physical design of Township Road 573, we turn the affidavit in opposition to the motion for summary judgment, filed by Michael P. Gelbke and Yvonne L. McClain, administrators of the estate of Kevin L. Gelbke, deceased, and Michael P. Gelbke and Yvonne L. McClain, individually (hereinafter referred to as the "Gelbke plaintiffs"). This affidavit contains the full report of these plaintiffs' traffic engineers and has been properly submitted for our present consideration in response to the motion for summary judgment. Pa.R.C.P. 1035(b), (d); *Washington Federal Savings & Loan Assn. v. Stein*, 357 Pa. Super. 286, 515 A.2d 980 (1986). Traffic proceeds westward on this rural two-lane, two-way asphalt roadway at a maximum allowable speed limit of 55 miles per hour in the absence of any speed limit signs. Motorists then encounter a slight vertical crest at the end of a straightaway, after which the road curves to the right. The Gelbke plaintiffs' engineering experts opine that the subject accident resulted from a total absence of traffic control signs warning motorists of this curve.[1] After determining that the curve could

---

1. According to the expert report, three aspects of the design of Township Road 573 obscure the curve to the right: (1) the vertical crest shortly before the curve, (2) the line of power poles on the north side of the road which proceeds adjacent to it in a straight line but crosses over the curve into an open field, rather than tracking along the curve, and (3) the removal of a large tree from the outside of the curve, which had previously provided a strong visual clue that the road did not continue in a straight line. In their opinion, this design would have given driver David H. McClain the mistaken impression that the road continues straight ahead after the

only be safely negotiated at a speed less than 25 miles per hour, the Gelbke plaintiffs' experts conclude that the physical design of Township Road 573 produced a dangerous condition for motorists traveling this route.

To summarize, plaintiff's actions against defendant Tyrone Township arise out of that defendant's failure to erect a right-curve traffic sign, the failure to establish other sign warnings to assist safe negotiation of the curve (e.g., a speed limit sign), the removal of the large tree on the outside of the curve, and permitting this assertedly dangerous condition in the roadway to exist.[2]

Having reviewed the factual basis for plaintiffs' actions against defendant Tyrone Township, we now consider the doctrine of governmental immunity, which is the primary focus of that defendant's motion for summary judgment. Although the Supreme Court of this Commonwealth abolished the doctrine of governmental immunity in the case *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973), the General Assembly conferred tort immunity back upon political subdivisions on October 5, 1980 with section 8541 of the Judicial Code. 42 Pa.C.S. §8541 et seq. Section 8541 provides that "[e]xcept as otherwise provided in this subchapter, no local agency shall be

crest, and therefore defendant Tyrone Township should have erected a right-turn sign shortly before the crest.

2. Although there was some discussion during oral argument that alleged further negligence against defendant Tyrone Township for its failure to remove the tree stump remaining on the outside of the curve after the removal of the tree described above, this theory of negligence (physical defect in property, as opposed to negligent design of a highway) appears in neither of the complaints and thus is not presently before the court. A complaint must allege a physical defect in the property to fall under the real property exception to immunity. *Dorsch v. Butler Area School District,* 105 Pa. Commw. 519, 525 A.2d 17 (1987).

liable for damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person."[3] Therefore, the actions against defendant Tyrone Township will be barred by governmental immunity unless the specific negligent acts or omissions fall under one or another of the exceptions to immunity as set forth in section 8542(b) of the Judicial Code.

A plaintiff seeking to recover under section 8542 must meet two distinct requirements. *Rhodes v. Lancaster Parking Authority,* 103 Pa. Commw. 303, 520 A.2d 122 (1987), *allocatur denied,* 529 A.2d 1084 (1987). First, the plaintiff must show that he possesses a common-law or statutory cause of action against the local agency pursuant to section 8542(a). Second, the alleged negligent act must fall under one of the exceptions to governmental immunity as set forth in section 8542(b) of the Judicial Code, 42 Pa.C.S. §8542(b).

In order to prove a common-law cause of action grounded on negligence, the following elements generally must be shown:

"(1) a duty, or obligation recognized by the law, requiring the actor to conform to a certain standard of conduct, for the protection of others against unreasonable risks;

"(2) a failure on his part to conform to the standard required;

"(3) a reasonably close causal connection between the conduct and the resulting injury. . .; and

"(4) actual loss or damage resulting to the interests of another." *Macina v. McAdams,* 280 Pa.

---

3. Defendant Tyrone Township is a "government unit other than the Commonwealth government" and obviously meets the definition of a local agency. 42 Pa.C.S. §8501; see *Bryson v. Solomon,* 97 Pa. Commw. 530, 510 A.2d 377 (1986), *allocatur denied,* 548 A.2d 257 (1988).

Super. 115, 120, 421 A.2d 432, 434 (1980), quoting Prosser, Law of Torts §30 at 143 (4th ed. 1971).

With regard to the requirement in section 8542(a), one of plaintiffs' theories of negligence fails to meet this test. Specifically, plaintiffs' complaints allege that defendant Tyrone Township was negligent in its failure to erect a right curve sign and a maximum speed limit sign along Township Road 573 at some point before the curve in the road. However, the township had no duty at common law to erect such traffic controls. *Garrett v. Moyston,* 127 Pa. Commw. 488, 562 A.2d 386 (1989); *Farber v. Engle,* 106 Pa. Commw. 173, 523 A.2d 864 (1987); *Bryson v. Solomon, supra;* see also, *Swank v. Bensalem Township,* 68 Pa. Commw. 520, 449 A.2d 837 (1982), *reversed on other grounds,* 504 Pa. 291, 472 A.2d 1065 (1984). Further, defendant Tyrone Township had no duty by statute or ordinance to erect such traffic controls. To be sure, section 1622 of the Vehicle Code provides that local authorities "may erect official traffic-control devices on any highway within their boundaries in conformity with department regulations." Also, the Second Class Township Code authorizes the expenditure of funds "for the erection, maintenance and operation of traffic lights and traffic signals whenever deemed necessary for the protection of the traveling public." 53 P.S. §65709. However, neither the Vehicle Code nor the Township Code impose a mandatory duty to act on the part of political subdivisions. Rather than imposing a duty, these statutory provisions merely recognize that political subdivisions have the power to take action. *Bendas v. Township of White Deer,* 131 Pa. Commw. 138, 569 A.2d 1000 (1990). A political subdivision such as a township cannot be held liable for a mere failure to exercise a power that it has. *Hoffmaster v. County of Allegheny,* 121 Pa. Commw. 266, 550 A.2d 1023 (1988), *appeals denied,*

522 Pa. 606, 562 A.2d 828 (1989); *Keen v. Schlegel-milch,* 14 D.& C. 3d 107 (1979). As noted by the court in *Bryson v. Solomon, supra,* there is no duty on the part of a political subdivision to exercise such discretion. It is only when the political subdivision erects such traffic controls, and then neglects to maintain them, will a lawsuit possibly lie against it. *Farber v. Engle, supra; Knudsen v. Delaware County Regional Water Control,* 84 Pa. Commw. 36, 478 A.2d 533 (1984). As that is clearly not the case here, this court finds that plaintiffs have failed to establish a common-law or statutory duty owed by defendant Tyrone Township to erect traffic control signs on Township Road 573. Absent a legal duty owed to the injured party, no recovery can lie. *O'Neill v. Bachelor Brothers Inc. Funeral Homes,* 421 Pa. 413, 219 A.2d 682 (1966).

With respect to the remaining allegations of negligence against defendant Tyrone Township regarding the asserted negligent design of Township Road 573, plaintiffs maintain that they have stated a cause of action falling under two of the exceptions of the Political Subdivision Tort Claims Act, namely, sections 8542(b)(4) and 8542(b)(6), which provide as follows:

"(4) *Trees, traffic controls and street lighting*—A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of a local agency except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition.

"(6) *Streets*—

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition."

In its motion for summary judgment, defendant Tyrone Township argues that the rationale of the Pennsylvania Supreme Court's opinion in *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), requires us to construe sections 8542(b)(4) and 8542(b)(6) narrowly and conclude that the township, as a matter of law, is immune from liability in the present case. In *Mascaro,* the plaintiffs were severely injured by the criminal acts of a third party who had escaped from the defendant's detention facility. The plaintiffs alleged that the real property exception to governmental immunity, 42 Pa.C.S. §8542(b)(3), applied because defective locks at the detention facility had allowed the third party to escape. In upholding the trial court's grant of judgment on the pleadings, the Supreme Court determined the real estate exception to governmental immunity to be a narrow one after comparing the language conferring governmental immunity contained in section 8541 with the language in the exceptions to governmental immunity contained in section 8542. Specifically, section 8541 confers immunity where the injury was caused by an act of the local agency, an employee of the local agency, or any other person. In contrast, the exceptions contained in section 8542 allow recovery against a local agency for injuries caused by the negligent acts of

the local agency or an employee of the local agency, remaining silent as to negligent acts of other persons. In the words of the Supreme Court:

*"Acts of the local agency or its employees* which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit. *Acts of others,* however, are specifically excluded in the general immunity section (42 Pa.C.S. §8541), and are nowhere discussed in the eight exceptions. On this basis alone, we must conclude that any harm that others cause may not be imputed to the local agency or its employees . . . .

"We hold that the real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, whose acts are outside the statute's scope of liability.

"We believe the legislature has clearly precluded the imposition of liability on itself or its local agencies for acts of third parties by its language of section 8541, *supra,* and that it has not seen fit to waive immunity for these actors or their acts in any of the eight exceptions." *Mascaro v. Youth Study Center, supra.* (emphasis supplied)

The progeny of case law stemming from the *Mascaro* decision requires this court to apply the same analysis to the present case. In *Herman v. Greene County Fair Board,* 112 Pa. Commw. 615, 535 A.2d 1251 (1988), the *Mascaro* analysis was extended to all eight exceptions to governmental immunity. In *Gallagher v. Bureau of Correction,* 118 Pa. Commw. 516, 545 A.2d 981 (1988), *allocatur denied,* 554 A.2d 511 (1989), the Commonwealth Court found that the conduct of a third party need not be criminal in order for the *Mascaro* analysis to

apply. In *McCloskey v. Abington School District,* 115 Pa. Commw. 289, 539 A.2d 946 (1988), *on remand from* 517 Pa. 347, 537 A.2d 329 (1988), *vacating* 101 Pa. Commw. 110, 515 A.2d 642 (1986), the *Mascaro* analysis was held to preclude the imposition of liability on the basis of plaintiff's own actions. In *Crowell v. City of Philadelphia,* 131 Pa. Commw. 418, 570 A.2d 626 (1990), the *Mascaro* analysis was applied to an automobile accident case, in that the negligence of a third-party driver was determined to preclude recovery under the traffic controls exception to governmental immunity. And in *Bartell v. Straub,* 134 Pa. Commw. 43, 578 A.2d 72 (1990), the Commonwealth Court invoked the *Mascaro* analysis to justify an expansion of the "direct cause" concept enunciated in *Herman v. Green County Fair Board, supra,* holding that the dangerous condition arising out of the negligence of the local agency must now be the *sole* cause of plaintiff's injuries in order for the plaintiff to recover under one of the exceptions to governmental immunity.

Upon applying the *Mascaro* analysis to the present case, we are constrained to conclude that the assertedly dangerous condition of Township Road 573 was not the sole cause of plaintiffs' injuries for three reasons.

First, all of the plaintiffs admit that any liability of defendant Tyrone Township would be joint and several with the liability of the personal representative of the decedent driver, David H. McClain. See complaint filed by David McClain and Linda Baldwin (hereinafter referred to as the "McClain plaintiffs"), paragraphs 9, 12, 13, 14, 15, and the wherefore clauses in counts I and II; complaint filed by the Gelbke plaintiffs, paragraphs 11, 18 and the wherefore clauses in counts I and II. Such asserted joint and several liability on the part of defendant Tyrone

Township by definition precludes application of the exceptions to governmental immunity. As the Commonwealth Court opined in *Crowell v. City of Philadelphia, supra:*

"We do observe that this decision effectively eradicates joint tort-feasor liability on the part of the local agency under section 8542(b)(4). We are hard-pressed to think of a situation involving the *concurrent* negligence of a local agency where it cannot be said that the agency's negligence merely facilitated the harm caused. Indeed, if the rationale of this case is applied to other governmental immunity exceptions, including those pertaining to the Commonwealth, the joint tort-feasor liability of any governmental unit will be difficult to establish under any exception. See, e.g., *Gallagher.*" (emphasis in original)

Second, defendant Tyrone Township asserts that the negligence of the third-party driver, David H. McClain, contributed to the injuries suffered by plaintiffs. See answer and new matter of defendant Tyrone Township filed in response to the McClain complaint, paragraphs 10, 26, 29 30, 35; answer and new matter of defendant Tyrone Township filed in response to the Gelbke complaint, paragraphs 12, 26, 29; reply to new matter filed by defendant Tyrone Township, paragraphs 25 and 26; and the amended answer and new matter of defendant Tyrone Township, paragraphs 31, 32, and 37.

Third, defendant Tyrone Township further alleges that plaintiffs' decedents were contributorily negligent, in that they failed to use a seat belt, voluntarily chose to ride in an automobile driven by a visibly intoxicated individual, and failed to exit from the vehicle prior to the accident after becoming aware of the intoxication of the driver. See answer and new matter of defendant Tyrone Township filed in response to McClain complaint, paragraphs 20, 21, 22,

26, and 29; answer and new matter of defendant Tyrone Township filed in response to Gelbke complaint, paragraphs 11, 23, 24, 25, 26 and 29; and the amended answer and new matter of defendant Tyrone Township filed in response to Gelbke complaint, paragraphs 23, 24, 25, 28, 29 and 31.

Therefore, on the basis of the allegations of negligence on the part of the third-party driver, David H. McClain, as well as the allegations of contributory negligence on the part of Kevin L. Gelbke and David E. McClain, we are constrained to find as a matter of law that the alleged negligent design of Township Road 573 on the part of defendant Tyrone Township was not the sole cause of the accident. In other words, without David H. McClain's conduct, and without the conduct of David E. McClain and Kevin E. Gelbke, no injuries would have occurred. At best, the asserted negligent design of the roadway facilitated plaintiffs' injuries, and such theory of causation fails to rise to the level now required by the appellate courts to overcome the immunity granted by the General Assembly.

Both groups of plaintiffs contend in their briefs that certain material issues of fact remain foreclosing summary judgment in this case, relying upon the decisions in *Dorsch v. Butler Area School District, supra; Trenco Inc. v. Commonwealth, Dept. of Transportation,* 126 Pa. Commw. 501, 560 A.2d 285 (1989), and *Pallante v. City of Philadelphia,* 133 Pa. Commw. 441, 575 A.2d 980 (1990). However, all of these cases are distinguishable from the case at bar since all of the issues that were found to fall within the exclusive purview of the jury in those cases had no connection whatsoever to the *Mascaro* analysis. In *Dorsch v. Butler Area School District, supra,* the trial court erred in dismissing the local agency from the action on preliminary objections on the basis of plaintiffs' failure to allege the existence of a physical

defect on the property of the local agency. Since the term "dangerous condition" in the language of the governmental immunity statute contemplates a failure as to design or maintenance, and not merely a physical defect, the trial court failed to recognize that a complaint could state a cause of action falling under the streets or sidewalks exception to governmental immunity without the averment of a physical defect where defective design is alleged. In *Trenco Inc. v. Commonwealth, Dept. of Transportation, supra,* the trial mistakenly viewed the facts of that case as falling exclusively under the potholes and other dangerous conditions exception to sovereign immunity as provided in 42 Pa.C.S. §8522(b)(5), and granted PennDOT's motion for summary judgment on the basis that plaintiff failed to specifically plead that the Commonwealth had actual written notice of the alleged dangerous condition as required by that exception to sovereign immunity. The trial court failed to recognize that another of the exceptions to sovereign immunity, namely, the real estate, highways and sidewalks exception contained in 42 Pa.C.S. §8522(b)(4), could conceivably apply to the facts as averred by plaintiff. Since this latter exception to immunity makes no requirement for a showing of actual written notice, the case should have been permitted to proceed, and the motion for summary judgment should have been denied. In *Pallante v. City of Philadelphia, supra,* the trial court determined that the records kept by the Commonwealth's maintenance inspector could not establish the notice of defects required by 42 Pa.C.S. §8522(b)(5) because those recorded defects, in his opinion, did not match the exact location where the plaintiff fell. However, since the jury could have believed the inspector's log entry that there was a pothole, but disbelieved him as to its exact location or whether it had been repaired prior to plaintiff's

fall, the Commonwealth Court found such analysis of the evidence to be equivalent to fact-finding, invading the jury's province to determine the credibility of witnesses and draw inferences from the evidence. For that reason, the trial court erred in entering judgment non obstante veredicto.

In summary, the error committed by each trial court in the three cases cited above resulted from an unwarranted finding that one or another of the exceptions to immunity did not apply to the facts. In sharp contrast, the issue in the present case is not whether an exception to governmental immunity applies, but rather whether the assertedly dangerous design of Township Road 573 *itself* caused plaintiffs' injuries, as opposed to merely facilitating injuries actually caused by the third-party driver or the plaintiff-passengers themselves. The acts of parties other than defendant Tyrone Township would be outside the scope of liability contemplated in sections 8542(b)(4) and 8542(b)(6). Under the clear mandate of the *Crowell* decision, this issue is one of law to be made by the trial court prior to trial. In the words of the Commonwealth Court:

"In Lewis' response to the city's argument, Lewis aptly notes that the present case, unlike *Mascaro,* involves a jury verdict which attributes to the city 20 percent of the liability for the Crowells' injuries. Lewis argues that that finding shows that the city *caused,* rather than facilitated, the Crowells' injuries. Although Lewis raises an issue which would appear to justify distinguishing the present case from *Mascaro,* we must conclude that such a distinction is not valid. In *Mascaro,* the Supreme Court upheld the dismissal of plaintiffs' complaint on a motion for judgment on the pleadings, thereby denying plaintiffs the opportunity to submit their case to a jury for a liability determination. In similar fashion, we upheld the grant of

summary judgment in *Gallagher.* Here, the city's attempts to have this case decided preliminarily (motion for summary judgment and motion for compulsory non-suit) were denied by the trial court. We believe it is illogical to permit recovery in this case solely on the basis that the trial court failed to dismiss the Crowells' complaint prior to the case going to the jury." *Crowell, supra.* (emphasis in original)

Indeed, such a determination may be made by the court on the basis of the pleading and discovery alone. *Herman v. Greene County Fair Bd., supra.*

The Gelbke plaintiffs attempt to distinguish *Crowell* from the facts at bar on the basis that *Crowell* involved the negligence of a third-party intervenor in a two-car collision. In contrast, the present case results from injuries sustained by passengers in a one-car collision. However, we do not find this distinction to be persuasive. No third-party intervenor was present in *McClosky v. Abington School District, supra,* and yet the court in that case denied recovery on the basis that the dangerous condition of the gymnastic rings merely facilitated plaintiff's injuries, which were actually the result of plaintiff's own inaction. Similarly, the automobile accident giving rise to plaintiff's injuries in *Bartell v. Straub, supra,* involved only one automobile. The important consideration in the present case, drawn from *Mascaro* and its progeny, is not the number of vehicles involved in an automobile accident, but rather whether the asserted negligence of the local agency itself was the sole cause of plaintiffs' injuries.

The Gelbke plaintiffs further argue that this court should rule in their favor on the basis of *Gump v. Chartiers-Houston School District,* 125 Pa. Commw. 596, 558 A.2d 589 (1989), *allocatur denied,* 565 A.2d 1168 (1989). According to their argument, the courts should exercise some latitude when ap-

plying the *Mascaro* analysis, since the plaintiff in *Gump* could conceivably have been found to have acted in some way as to make him contributorily negligent for his injuries. Since that possibility did not enter into the Commonwealth Court's analysis in that case, we should consequently ignore the possibility that the driver in the present case, David H. McClain, could conceivably have been negligent and leave the matter up to the jury's determination. Plaintiff reminds us that the Supreme Court denied the petition for allocatur filed in the *Gump* case. We disagree with this argument for two reasons.

First, it is not readily obvious that the plaintiff in *Gump* was acting in a negligent manner. As a member of the Chartiers-Houston High School's wrestling team, minor plaintiff was injured while sprinting in a running drill conducted in the hallway of the high school. As he reached the end of the hallway, plaintiff failed to negotiate a left turn and unintentionally pushed his hand through the windowpane of a hallway door. He suffered multiple lacerations of the right hand and arm requiring medical treatment. We find it difficult to imagine how this *Gump* plaintiff could even conceivably have been negligent in light of the fact that he was a high school student acting pursuant to the direction and authority of the high school wrestling instructors, and the use of the hallway as a runway during wrestling practice was found to be regularly permitted by the appropriate school personnel.

Second, the *Gump* court found that plaintiff's alleged facts satisfied every element of section 343 of the Restatement (Second) of Torts (1965). In making such a finding, that court necessarily must have evaluated the likelihood that the plaintiff-invitee would have realized the dangerous condition on the premises and would have taken steps to protect himself. In light of its finding, the *Gump*

court necessarily must have considered such likelihood to be minimal.

In the present case, the driver of the automobile, David H. McClain, was an adult individual acting of his own volition. Also, we are unable to find on the facts presently of record any indication that driver McClain should be somehow absolved of liability.

Lastly, we are absolutely prohibited from conducting an intervening cause analysis when applying the precedent of the *Mascaro* case. In the words of the Commonwealth Court in *Crowell:*

"Further, although this is the first opinion to identify the virtual impossibility of proving the liability of a local agency where the local agency's negligence is concurrent with that of another tortfeasor, we believe we are simply stating what is implicit in the Supreme Court's *Mascaro* opinion. In his concurring opinion in *Mascaro,* 514 Pa. at 364, 523 A.2d at 1125, Justice Hutchinson notes that the Supreme Court could have decided *Mascaro* on the grounds that the criminal conduct in *Mascaro* acted as an intervening cause of the plaintiffs' injuries, thus breaking the causal link between the local agency's conduct and the harm inflicted upon the plaintiffs. Had the Supreme Court employed this analysis, rather than holding that a local agency cannot be liable where its conduct merely *facilitates* the harm caused, this court would be able to distinguish the present case from *Mascaro* . . . Since the Supreme Court rejected an intervening cause analysis in *Mascaro,* we believe we are precluded from utilizing such an analysis to distinguish the present case from *Mascaro.* " *Crowell, supra.* (emphasis in original)

We are not totally unsympathetic to the arguments forwarded by plaintiffs in this case. We agree that application of the several appellate decisions following *Mascaro* can, in some cases, lead to

inequitable or illogical results. We are also aware of the fact that the *Crowell* decision is presently on appeal before our Supreme Court. Should that case be reversed, we would be receptive to a motion for reconsideration in this matter.

We have examined the record in the light most favorable to the non-moving party, and even under that standard we are constrained to grant defendant Tyrone Township's motion for summary judgment. *Gore v. Bethlehem Area School District,* 113 Pa. Commw. 394, 537 A.2d 913 (1988). We find no genuine issue of material fact and, consequently, defendant Tyrone Township is entitled to judgment as a matter of law. *Kuehner v. Parsons,* 107 Pa. Commw. 61, 527 A.2d 627 (1987); *Filler v. Commonwealth Federal Savings and Loan Association,* 110 Pa. Commw. 88, 531 A.2d 1167 (1987).

Regarding defendant Tyrone Township's motion to limit its liability for damages, our decision today granting its motion for summary judgment renders this issue moot, and on this basis we decline to consider these remaining arguments.

## ORDER

And now, March 21, 1991, upon consideration of defendant Tyrone Township's motion for summary judgment, the briefs filed by counsel and oral argumentation thereon, it is hereby ordered, directed and decreed that the motion for summary judgment is granted to the extent that we find judgment in favor of defendant Tyrone Township in both case no. 1214 C.P. of 1985 and case no. 976 C.P. of 1986. These actions shall proceed only against the sole remaining defendant, Robert M. Yeager, executor of the estate of David H. McClain, deceased.