# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Coard                          :
                                       :    No. 1946 C.D. 2016
            v.                         :    Argued: October 17, 2017
                                       :
City of Philadelphia,                  :
                  Appellant            :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge (P.)
           HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**[1]                 **FILED: February 14, 2018**


The City of Philadelphia (City) appeals from an order of the Philadelphia County Court of Common Pleas (trial court), reversing the decision of the Bureau of Administrative Adjudication (BAA) that affirmed a hearing officer's decision holding Michael Coard (Coard) liable for a parking violation. The City argues the trial court erred in construing Chapter 12 of the Philadelphia Code (Code) to require designation of a bus zone by pavement markings in addition to signs. It asserts that Section 12-901 of the Code prohibits parking in a bus zone when marked by a sign, as it was here. Because the trial court erred in construing the Code, we reverse.

---

[1] The vote of the panel of judges that heard this case resulted in a 2 to 1 vote to reverse. Pursuant to this Court's internal operating procedures, all commissioned judges vote on the opinion. In this case, a commissioned judge recused and a tie vote resulted. Accordingly, this opinion is filed pursuant to Section 256(b) of the Internal Operating Procedures of the Commonwealth Court, 210 Pa. Code §69.256(b)).

## I. Background

The material facts are undisputed. Coard, an attorney representing himself, received parking ticket #477256911 on September 25, 2015, for parking in a bus zone near 3901 Conshohocken Avenue in Philadelphia (Ticket). Coard challenged the Ticket, arguing the bus zone was not designated by pavement markings as required by Section 12-901(1)(b) of the Code. He testified at two separate hearings before the BAA. After the initial hearing, the BAA hearing officer affirmed the citation.[2]

Coard appealed to the Parking Appeals Panel, and a hearing officer conducted a second hearing. During the hearing, Coard introduced three photographs he took depicting his vehicle while parked in the disputed area, one of which shows the location of the pole sign. See Hr'g Examiner Hr'g Tr., 2/18/16, at 2; Reproduced Record (R.R.) at 18a. It is undisputed the sign reads: "No Parking – Bus Zone." R.R. at 52a. The photographs show Coard's vehicle parked between the sign and a big "X" in a box, painted in white lines, on the pavement. R.R. at 21a-23a.

Coard argued he did not violate Section 12-901 because his vehicle was not parked in a designated bus stop. He claimed the white pavement markings painted on the street designated the area where parking was prohibited. Coard agreed with the hearing officer "that part of the vehicle is in the bus zone based on where the position of the sign is." Hr'g Tr. at 3; R.R. at 19a. Nonetheless, Coard asserted his vehicle was not "in the designated bus stop, and the Code says in a designated bus stop." Id.

---

[2] The City submitted the Ticket and proof Coard owned the vehicle, *prima facie* evidence of Coard's violation. Kovler v. Bureau of Admin. Adjignation, 6 A.3d 1060 (Pa. Cmwlth 2010).

2

The Appeals Panel affirmed the initial hearing examiner decision, discerning a violation of Section 12-901. It reasoned, "[t]hat the vehicle was parked behind the marked "X" box is noted, but it does not indicate that the violation did not occur. The regulation is established <u>by the posted signage</u> and <u>not the markings on the ground</u>." R.R. at 27a-28a (BAA Notice of Decision) (emphasis added).

Coard appealed to the trial court. After briefing and oral argument, the trial court issued an order reversing the BAA's decision. It concluded, based on its construction of several provisions of the Code that, "the BAA erred as a matter of law." Tr. Ct. Order, 11/3/16. The City appealed to this Court.

In its opinion, the trial court analyzed Chapter 12 of the Code as a whole to discern the meaning of "designated." Tr. Ct., Slip Op., 2/8/16, at 3. After taking judicial notice as to designated areas, it reasoned that when the word "designates" refers "to a particular area of the roadway which is a fixed use under the Code, such area is presumed to be marked with painted lines on the roadway." <u>Id.</u> Although signs "may also be erected" under Section 12-901, <u>id.</u>, they do not alter the Streets Department's demarcation of designated areas. Thus, it held the BAA erred in finding a violation when Coard's vehicle was not parked in an area designated by pavement markings.

After argument, the matter is now ready for disposition.

3

## II. Discussion

On appeal,[3] the City argues the trial court erred as a matter of law in construing Section 12-901 of the Code to require pavement markings when the provision specifies only a sign is required. It asserts none of the Code provisions the trial court cited require painted pavement markings to designate areas where parking is prohibited. It also challenges the trial court taking judicial notice that the Streets Department marks designated areas with paint on the roadway.

Coard counters that a bus-zone violation is determined not by the pole signage, but by "designated markings" that are "in" a "fixed area" on the "roadway." Appellee's Br. at 7 (citing Phila. Code, §§12-901(1), 12-102(4), 12-1205). In his view, there is a reasonable question as to the precise demarcation of the designated bus stop necessitating consideration of sections other than Section 12-901.

This appeal raises a pure legal issue, namely whether the trial court erred in construing the Code to require painted pavement markings to designate areas where parking is prohibited.

### A. Judicial Notice

Before reaching the merits, we consider the City's challenge to the trial court taking judicial notice of certain facts. Specifically, that "[designated] areas – including parking lanes, bicycle lanes, bus stops, bus stands, and taxicab stands – are marked with painted lines upon the roadway and such markings are made by the

---

[3] Where the trial court does not take any additional evidence, our review of a BAA decision "is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether the procedure before the local agency was contrary to statute, and whether necessary findings of fact are supported by substantial evidence." Kovler, 6 A.3d at 1062 n.1.

4

Streets Department …." Tr. Ct., Slip Op., at 3. The City contends that is an inappropriate subject for judicial notice because it is not an incontestable fact. Rather, the necessity for painted pavement markings in order to "designate" an area is central to this dispute.

"The doctrine of judicial notice is intended to avoid the necessity for the formal introduction of evidence in certain cases when there is no real need for it …." Albert Appeal, 92 A.2d 663, 666 (Pa. 1952). "[J]udicial notice may be taken only of matters of common knowledge, of facts which are 'so well[-]known as to be incontestable.'" Dep't of Transp., Bureau of Traffic Safety v. Cassidy, 521 A.2d 59, 61 (Pa. Cmwlth. 1987) (quoting Savoy v. Beneficial Consumer Disc. Co., 468 A.2d 465, 468 (Pa. 1983)). Judicial notice does not establish a fact, but rather is a type of evidence that may be rebutted. In Interest of D.S., 622 A.2d 954 (Pa. Super. 1993).

Appropriate subjects may include the county in which a town or city is located, and the location of roads and highways. Commonwealth v. Varner, 401 A.2d 1235 (Pa. Super. 1979). However, a court may not take judicial notice of a fact for which there may be conflicting evidence, and so relieve a party of its burden of proof. Savoy (notice of redbook value of a car is not appropriate without evidence of car's condition); Commonwealth v. Stone & Co., 788 A.2d 1079 (Pa. Cmwlth. 2001) (notice of the fact that construction equipment is noisy is inappropriate; Commonwealth bore burden to prove disturbing the peace).

Here, there was no evidence that the Streets Department demarcates designated areas, and that it must do so with painted pavement markings. Further,

5

it was not necessary to determining whether Coard's vehicle was parked in an area clearly marked with a sign that stated: "No Parking – Bus Zone." R.R. at 52a.

Thus, we agree with the City that it was inappropriate for the trial court to take judicial notice that designated areas, where certain uses are permitted or prohibited, are "marked by painted lines on the roadway." Tr. Ct., Slip Op., at 3. That areas are designated only by painted pavement markings is contested here. Indeed, while some uses may be marked or designated by paint on the pavement, and the trial court may take judicial notice of that fact, there is no basis for extrapolating that *all* uses must be so marked.

Moreover, the meaning of terms in the Code, including "designated," are matters of legal construction. Accordingly, it was unnecessary for the trial court to judicially notice facts in order to determine the meaning of the phrase "designated areas." The only material facts relevant here are the location of Coard's vehicle parked on the street, and whether the area in which he parked, which is admittedly alongside an erected sign that stated "No Parking – Bus Zone," was an area where parking was prohibited.

## B. Legal Construction

The BAA functions as the sole local agency responsible for adjudicating the validity of parking tickets issued in the City. <u>Blount v. Phila. Parking Auth.</u> 965 A.2d 226 (Pa. 2009). Because the trial court took no additional evidence, it reviewed the BAA's decision, in part, to assess whether it committed

6

legal error. Here, the trial court held "the BAA erred as a matter of law" in its construction of Chapter 12 of the Code. Tr. Ct. Order, 11/3/16.

The City legislatively enacts its parking regulations. See Phila. Code Chapter 12–2800. Chapter 12-900 of the Code regulates parking and penalties for violations. Phila. Code, §§12-901-921. Section 12-901 prohibits parking as follows:

> (1)  When signs are erected giving notice thereof, no operator shall stop, stand or park a vehicle in any of the following places:
>
> ****
>
> (b)  In a designated bus stop;

Phila. Code, §12-901 (emphasis added). Section 12-102 defines "bus stop" as: "A fixed area in the roadway parallel and adjacent to the curb set aside for the expeditious loading and unloading of passengers only." Phila. Code, §12-102(4). Section 12-909 restricts the use of bus stops and stands as follows: "No person shall stop, stand or park a vehicle other than a bus in a bus stop or bus stand …." Phila. Code, §12-909 (emphasis added).[4]

In construing the Code, we follow principles of statutory construction. "Like statutes, the primary objective of interpreting ordinances is to determine the intent of the legislative body that enacted the ordinance." Tri-Cnty. Landfill, Inc. v. Pine Twp. Zoning Hr'g Bd., 83 A.3d 488, 509 (Pa. Cmwlth. 2014). Where words in an ordinance are free from all ambiguity, "the letter of the ordinance may not be disregarded under the pretext of pursuing its spirit." Id. (citing 1 Pa. C.S. §1921).

---

[4] Although it reviewed the Code *in pari materia*, the trial court did not cite to or appear to consider this Code provision. See Tr. Ct. Order, 11/3/16; Tr. Ct., Slip Op., 2/8/17.

7

Words in an ordinance shall be construed in accordance with their plain meaning. Tobin v. Radnor Twp. Bd. of Comm'rs, 597 A.2d 1258 (Pa. Cmwlth. 1991).

The term "sign" is not defined. Nor is the term "designated" defined. The Code provides: "Any word not specifically defined shall be construed according to its common usage." Phila. Code., §1-103; see also 1 Pa. C.S. §1903(a). As to construction, the Code explains the location of provisions is immaterial, but "Section captions are part of this Code." Phila. Code, §1-104.

Despite that this appeal involves a parking violation, the trial court all but disregarded Chapter 12-900 of the Code entitled, "Parking Regulations and Penalties." It did not quote or attempt to construe the relevant provisions of the Code, Sections 12-901 and 12-909. To reach its conclusion, the trial court cited the following Sections of Chapter 12 of the Code (known as the Traffic Code): Section 12.102 (definitions); Section 12.901; Section 12-1205; and, Section 12-1206.

It is unclear whether the trial court considered the purpose of these Code provisions in its construction, some of which are inapposite. Chapter 12-1200 of the Code pertains to "Traffic-Control Devices." Id. In addressing the City's liability for negligent designation of a bus stop, in Garrett v. Moyston, 562 A.2d 386 (Pa. Cmwlth. 1989), this Court consulted the Vehicle Code definitions. Relevant here, we determined that a bus stop does not constitute a "traffic control device." See Slough v. City of Phila., 686 A.2d 62, 64–65 (Pa. Cmwlth. 1996).

Moreover, Section 12-1205 is not germane to whether Coard violated the Code by parking in a designated bus stop because the provision applies only to "Designation of Crosswalks and Safety Zones." A bus zone is not a crosswalk or a safety zone,[5] both of which are reserved for pedestrians. It makes sense that such designation would be by painted pavement markings so that the pedestrians may stay within them for safe travel while in or near the roadway. In the same vein, when the purpose of the designation is notice to motorists, an erected sign makes sense. Illegally parked vehicles along a curb may block any pavement markings. Thus, designating "no parking" areas by a sign gives notice whereas paint on the roadway may not.

Unlike Section 12-1205, Section 12-1206 does not use the word "designate" to aid the trial court's construction of the term. Although it states, "the [Streets] Department may mark traffic lanes upon a roadway," context is key. Id. Traffic lanes must be marked with painted lines so as to guide and separate traffic, and set boundaries for motorists' safe travel. A motorist traveling on a street or highway will drive at a speed exceeding the speed for pulling into a parking space. Thus, a stationary pole sign is an effective means of notifying motorists of an area in which they may slow and park a vehicle whereas painted lines are an effective means of continually guiding motorists traveling on a roadway.

In considering the purpose of the designation, from our review, painted lines on pavement guide the movement of travel, whether by motorist or pedestrian.

---

[5] The Vehicle Code defines safety zone as "the area or space officially set apart within a roadway for the exclusive use of pedestrians." 75 Pa. C.S. §102; see also 1 Pa. C.S. §1991.

9

A sign provides notice as to what is and is not permitted, in this case by the clear language on the sign.

Regardless, in this case, it was unnecessary for the trial court to consider provisions other than Chapter 12-900 of the Code. The plain language of Section 12-901 provides "when signs are erected giving notice thereof" parking is prohibited in certain areas, including a designated bus stop. Id.

Here, there is no dispute that a sign stating, "No Parking – Bus Zone" was posted on a pole next to Coard's parked vehicle. R.R. at 18a, 52a. Indeed, Coard admitted that part of his vehicle was parked in the bus zone based on the position of the pole sign. R.R. at 19a. Nevertheless, he argues the sign was of no moment. Rather, he claims he could not be cited for parking in a bus zone because his vehicle was outside the painted white "X" on the roadway. He claims that only the white painted X designated the bus stop, not the sign.

We consult the plain meaning of "designated" to construe the provision. "Designate" is defined as: "to indicate or specify; point out." AM. HERITAGE DICTIONARY 386 (2nd Coll. ed. 1985). It is also defined as: "to point out the location of." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY 338 (11th ed. 2004). "Designation" is defined as: "4. The relation between a sign and the thing signified." Id.

Based on the plain meaning of the term "designate," the "No Parking – Bus Zone" sign constituted a means of designating the bus zone (where buses pull in to stop, or pull out to leave) and of pointing out the location where parking was

10

prohibited. Thus, the erected sign gave notice that parking was prohibited next to the sign so stating.

We are unpersuaded by Coard's argument, which the trial court adopted, that designation must be shown by painted lines on the pavement. There is simply no basis for that requirement in the Code. In reaching its conclusion, the trial court ignored the plain language of Section 12-901 that imposed prohibitions "when signs are erected." Id.

Further, the trial court's proffered construction is contrary to the canon that courts may not deem any language superfluous. Bd. of Revision of Taxes, Phila. v. City of Phila., 4 A.3d 610 (Pa. 2010). The trial court acknowledged its construction rendered Section 12-901 superfluous when it stated, "signs that may also be erected pursuant to Section 12-901 correspond to the designated area that has been lined and painted by the Streets Department; however, such signs do not serve to expand or change the Department's demarcation." Tr. Ct., Slip Op., at 3. There is no support for the trial court's presumption that signs merely supplement painted pavement.

The trial court's construction is also unreasonable in that it disregarded the purpose of signage to designate and provide notice regarding no parking areas. Here, the language on the sign, which is located along the curb where Coard parked his vehicle as depicted in the photographs, prohibited parking *where he parked*. The "No Parking – Bus Zone" sign is unambiguous, giving clear notice to motorists like Coard that it was illegal to park in that location.

11

In sum, this Court rejects the trial court's construction of the Code, which allows parking alongside a sign that clearly states "No Parking." Accordingly, we discern no legal error by the BAA in construing the Code so as to find Coard committed a parking violation when he parked in a "No Parking – Bus Zone" designated by an erected sign giving notice thereof. See Phila. Code §12-901.

### III. Conclusion

Because the trial court misconstrued Section 12-901 of the Code, we reverse the trial court's order and reinstate the decision of the BAA.

_____
ROBERT SIMPSON, Judge

Judge Ceisler did not participate in the decision in this case.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Coard      :
           :  No. 1946 C.D. 2016
     v.      :
           :
City of Philadelphia,     :
     Appellant  :

## **O R D E R**

  **AND NOW**, this 14th day of February, 2018, the order of the Philadelphia County Court of Common Pleas is **REVERSED**.


        _____
        ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Michael Coard | : |
| | : |
| v. | : No. 1946 C.D. 2016 |
| | : Argued: October 17, 2017 |
| City of Philadelphia, | : |
| Appellant | : |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
        HONORABLE ROBERT SIMPSON, Judge (P.)
        HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**DISSENTING OPINION BY**
**SENIOR JUDGE COLINS**                    **FILED:  February 14, 2018**

I must respectfully dissent from the scholarly and well-written opinion of the majority.

Initially, I disagree with the conclusion contained in footnote 2 of the majority opinion that the trial court did not take any additional evidence. Although Mr. Coard was not sworn, the trial court asked questions of a factual nature which required answers of a factual nature. Appellant did not object, nor did appellant move to strike the factual assertions made by Mr. Coard. Further, Mr. Coard, as a member of the Bar, took an oath at his admission not to bring falsehoods before the Court.

I do not wish to declare that Appellant must make painted roadway markings to designate a bus zone; I state rather that where Appellant undertakes roadway markings of a painted area for a bus zone, it is reasonable for a citizen to

believe that that is the prohibited area for parking, i.e., the specific must control the general.

Therefore, I would affirm.

_____
**JAMES GARDNER COLINS, Senior Judge**