

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2006

# Mohammed v. Phila Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1599

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Mohammed v. Phila Sch Dist" (2006). *2006 Decisions.* Paper 960.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/960

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-1599

———

SHARON MOHAMMED,
on behalf of Richard Mohammed, a minor,

Appellant

v.

THE SCHOOL DISTRICT OF PHILADELPHIA, PAUL G. VALLAS,
EDWARD MONASTRA, THOMAS SMYTH,
NILVIA FRANCO-DEJESUS, GORDON ELDER, JOSEPH MEYER, IZZY PADRON,
SHAWN RHODES, FRANK ROMAN, BRYAN SINGLETARY[1]

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(No. 03-cv-4766)
The Honorable Cynthia M. Rufe, District Judge

———

Submitted Under Third Circuit LAR 34.1(a)
May 8, 2006
Before: BARRY and SMITH, Circuit Judges, and RODRIGUEZ[2], District Judge

(Filed: June 5, 2006)

---

[1]  All Defendants other than the School District, Paul G. Vallas, Superintendent of the School District, Edward Monastra, principal of Olney High School, and Thomas Smyth, the sergeant in charge of the school police officers, were dismissed from the case prior to the district court's ruling on Defendants' motion for summary judgment.

[2] The Honorable Joseph H. Rodriguez, Senior District Judge, United States District Court for the District of New Jersey, sitting by designation.

OPINION OF THE COURT

RODRIGUEZ, <u>District Judge</u>.

Sharon Mohammed, on behalf of her minor son, appeals from an order granting the Defendants' motion for summary judgment on her section 1983 case grounded in the "state-created danger" theory. The underlying Complaint alleged a violation of Olney High School student Richard Mohammed's substantive due process rights to bodily integrity and safety (Count I) as well as willful misconduct (Count II).

I.

On the morning of February 4, 2003, tenth grader Richard Mohammed was punched in the face by another high school student while walking in a stairwell at Olney High School in Philadelphia. Upon arriving at the school on the morning of the attack, Richard Mohammed took "stairwell four," on his way to his advisory room on the fourth of six floors. Stairwell four was the only stairwell available to students at that time of the morning. Between the third and fourth floors, an unidentified student attempted to attack the student in front of Richard, but the intended victim ducked, and the attacker punched Richard in the eye. Richard suffered traumatic hyphema of the eye and a fracture of the right facial bone; he was in the hospital for six days.

Despite the fact that the number of violent incidents at Olney High School had

2

increased steadily from 1999 through 2003,[3] there was no surveillance camera in stairwell four and no security personnel were present to witness the attack. Attendance records indicated that Olney High School was short four security officers on the day of the attack, even though the school's principal, Defendant Edward Monastra, had written a memorandum to the School District on October 29, 2002 (and again on February 12, 2003 and March 18, 2003), imploring the District to provide the full complement of security officers to which Olney High School was entitled. In fact, when the principal met with security officials to address the problem on January 29, 2003, just days before the attack on Richard Mohammed, Olney High School had been short a full complement of security officers on 83 out of the previous 85 school days. Monastra described "a tremendous amount of fights, serious incidents, fires like crazy . . . the building basically was out of control."

## II.

This Court has jurisdiction over appeals from all final decisions of the district courts pursuant to 28 U.S.C. § 1291. We review a grant of summary judgment *de novo,* applying the same test as the district court. MBIA Ins. Corp. v. Royal Indem. Co., 426 F.3d 204, 209 (3d Cir. 2005). Summary judgment should be awarded only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[3]There were 60 reported assaults or attacks on students or faculty/staff in 1999-2000, 87 in 2000-2001, and with 57 in the first half of 2002-03, Mohammed's expert projected that well over 100 incidents would have been reported for the 2002-03 school year.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). All reasonable inferences must be made in favor of the nonmoving party, and the court may not weigh the evidence or assess credibility. Id.

### III.

This Court recently had occasion to review the "state-created danger" theory of liability in cases brought pursuant to 42 U.S.C. § 1983. See Bright v. Westmoreland County, 443 F.3d 276 (3d Cir. 2006). There, the Court reiterated the four salient elements of a viable state-created danger claim. Id. at 281. First, the harm ultimately caused must have been foreseeable and fairly direct. Kneipp v. Tedder, 95 F.3d 1199, 1208 (3d Cir. 1996). Second, a state actor must have acted with a degree of culpability that shocks the conscience. County of Sacramento v. Lewis, 523 U.S. 833 (1998); Miller v. City of Philadelphia, 174 F.3d 368, 375-76 (3d Cir. 1999). Such culpability is more than the state actor acting in willful disregard for the plaintiff's safety. Rivas v. City of Passaic, 365 F.3d 181, 194 (3d Cir. 2004). Third, a special relationship must have existed between the state and the plaintiff such that "the plaintiff was a foreseeable victim of the defendant's acts," or a "member of a discrete class of persons subjected to the potential harm brought about by the state's actions," as opposed to a member of the public in general. Kneipp, 95 F.3d at 1209, n.22; Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906, 913 (3d Cir. 1997).

Finally, a state actor must have "used his or her authority in a way that created a

4

danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all." Bright, 443 F.3d at 281. As to the fourth element, the Court stressed that "[i]t is misuse of state authority, rather than a failure to use it, that can violate the Due Process Clause." Id. at 282. In other words, "[l]iability under the state-created danger theory is predicated upon the states' *affirmative acts* which work to the plaintiffs' detriments in terms of exposure to danger." D.R. by L.R. v. Middle Bucks Area Vo. Tech. School, 972 F.2d 1364, 1374 (3d Cir. 1992) (*en banc*) (emphasis supplied); contra Bright, 443 F.3d at 290 (Nygaard, J., dissenting) (stressing that the Court should not focus on whether the act is appropriately characterized as "affirmative").

Although the Court is "naturally sympathetic" to the plight of Richard Mohammed, see DeShaney v. Winnebago Cty. Soc. Servs. Dept., 489 U.S. 189, 212 (1989), we cannot find that the Defendants created the danger that he faced.

IV.

Because of the atmosphere of violence that permeated Olney High School, it was foreseeable that Richard Mohammed, or any student, could have been attacked at any time and in any location by another student. Such an attack, however, was not a fairly direct result of the Defendants' actions. The state actors in this case had no knowledge that Richard Mohammed was in any more danger than each and every other student at Olney High. Indeed, he was not even the intended victim of the assault. Nor did the Defendants have knowledge that stairwell four was in need of monitoring, as only one of the almost 200 violent incidents prior to the day of this attack took place in stairwell four.

5

Although their security plan obviously failed in this instance, Defendants did not ignore the rampant violence at Olney High, nor did they conceal any of the incidents. Surveillance in stairwell four may have aided in apprehending the attacker, but it is speculation to say that it would have prevented the attack. It is also speculative to assume that if the full complement of security officers reported to Olney High that day, one of them would have been assigned to monitor stairwell four. Thus, the Court cannot find that the attack was a fairly direct result of any lack of surveillance or monitoring.

Further, the Defendants' actions neither injured Richard Mohammed nor rendered him "more vulnerable to injury from another source than he . . . would have been in the absence of state intervention." Scheiber v. City of Philadelphia, 320 F.3d 409, 416 (3d Cir. 2003). Even considering that the full complement of security officers was not present at the school on the day of the attack, we cannot say that such a shortage "created an opportunity that otherwise would not have existed," Mark v. Borough of Hatboro, 51 F.3d 1137, 1152 (3d Cir. 1995), for the attack to occur. There is nothing about the state's conduct that placed Richard Mohammed in a position of increased danger. Although Mohammed produced an expert report indicating that Defendants' "actions and failures to supervise on or prior to February 4, 2003 were negligent and reckless and as such were a significant contributing cause to [the incident] and subsequent injuries to [Richard Mohammed]," mere negligence or recklessness is insufficient to sustain a claim under the state-created danger theory.

Similarly, any negligence or recklessness of the individual Defendants in failing to

6

monitor the stairwell cannot serve as the basis of a claim for willful misconduct under 42 Pa. C.S.A. § 8550. Willful misconduct occurs only where "the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." Bright, 443 F.3d at 287 (quoting Robbins v. Cumberland County Children and Youth Services, 802 A.2d 1239, 1252-53 (Pa. Commw. Ct. 2002)). The Defendants' conduct in this case cannot be described as intentional, so it cannot come under the purview of willful misconduct.

Therefore, we will affirm the decision of the district court granting summary judgment in favor of the Defendants.