**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4166
_____

COLIN GRAU, a minor, by his parents; SCOTT GRAU; BRENDA GRAU, in their own
right

v.

NEW KENSINGTON-ARNOLD SCHOOL DISTRICT; ROBERT FALLONE;
ROBERT SAURO; CAROL ANSANI; BEVERLY MEYER; DEBBIE GLUSHENKO;
TRACI YORK; PATRICK PETIT; GEORGE BATTERSON; WAYNE PERRY; ERIC
DOUTT; AUDREY SLEIGH; JON BANKO; JEFFREY THIMONS, all such individuals
being sued in their individual and official capacities


Scott Grau; Brenda Grau,

Appellants
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(Civ. No. 2-10-cv-00111)
District Judge:  Hon. David S. Cercone

Submitted Under Third Circuit LAR 34.1(a)
May 11, 2011

Before:  SMITH, CHAGARES, and VANASKIE, Circuit Judges.

(Filed May 26, 2011)

_____

OPINION
_____

CHAGARES, Circuit Judge.

Plaintiffs Scott and Brenda Grau appeal the District Court's order adopting the Report and Recommendation of the Magistrate Judge dismissing their complaint. For the reasons stated below, we will affirm the order of the District Court.

I.

We write for the parties' benefit and recite only the facts essential to our disposition.[1]

Plaintiffs bring this action on behalf of themselves and their minor son, who was tragically killed in a vehicular accident during his senior year of high school. Plaintiffs' son was enrolled at Valley High School, located in the New Kensington-Arnold School District in Pennsylvania, during the 2008-2009 academic year. On January 21, 2009, plaintiffs' son and a second student exited Valley High School before the conclusion of the school day without authorization from school officials. Plaintiffs' son subsequently left the school's premises as a passenger in a vehicle operated by the second student. The car pulled out of the school's parking lot and entered a northbound lane of Route 366, a four-lane highway upon which Valley High School is located. Shortly thereafter, the student driver lost control of his vehicle and collided with an oncoming pick-up truck. Plaintiffs' son was pronounced dead at the scene of the accident.

---

[1] The following facts are taken from plaintiffs' complaint. All alleged facts are assumed to be true, and we draw all inferences in plaintiffs' favor. Torisky v. Schweiker, 446 F.3d 438, 442 (3d Cir. 2006).

Defendants consist of the school district and various school officials. During the time period relevant to this appeal, the defendant school district maintained a written policy that mandated a "closed campus." Pursuant to this policy, students were required to obtain authorization from a school official in order to leave campus. Failure to obtain the proper authorization constituted a violation of the closed campus policy and resulted in the penalty of suspension.

In addition to the closed campus policy, the school district also maintained a written parking policy. The parking policy allowed students to obtain school parking permits, but subjected these parking privileges to certain conditions. One of these conditions forbade the use of a vehicle to leave campus during the school day without permission from a school official. A second condition prohibited the use of a vehicle to transport any fellow student without such permission. Violating either of these conditions resulted in the loss of the school-issued parking permit.

Plaintiffs filed their complaint on January 26, 2010, alleging that defendants "intentionally ignored and otherwise consciously decided not to enforce" these policies by (1) deactivating a system that monitored student entry and exit to and from the high school; (2) failing to implement a surveillance of the school's parking lot; and (3) not maintaining security at the doors of the school. Appendix ("App.") 42a-43a. This "refusal to enforce the closed campus policy . . . was widely known to students," and "[a]s a result, . . . students frequently exited the school and drove off of school grounds during the middle of the day." App. 43a. Plaintiffs allege that defendants were not only

3

cognizant of the fact that students were leaving the school without permission, App. 43a, but also knew that Route 366 was a "dangerous highway," App. 40a, and that students "were inexperienced and unskillful drivers [] that [] posed a grave risk of danger to any passengers who traveled with them to and from [the school]," App. 42a.

Based on these allegations, plaintiffs' complaint asserts two claims:  (1) a Fourteenth Amendment substantive due process claim predicated on the "state-created danger" theory of liability, brought pursuant to 42 U.S.C. § 1983; and (2) a Pennsylvania state-law claim for willful misconduct, brought pursuant to 42 Pa. Cons. Stat. § 8550.[2] On February 22, 2010, defendants moved to dismiss these claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  In a Report and Recommendation dated June 30, 2010, the Magistrate Judge recommended that defendants' motion be granted. The District Court adopted the Report and Recommendation in a Memorandum Order dated September 22, 2010.  This timely appeal followed.

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.  We have jurisdiction under 28 U.S.C. § 1291.

We review an order granting a motion to dismiss de novo.  McTernan v. City of York, 564 F.3d 636, 646 (3d Cir. 2009).  To withstand a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

---

[2]  Plaintiffs' complaint also states a third claim for "loss of society and companionship." The claim was subsequently withdrawn, however, and is not relevant to this appeal.

relief that is plausible on its face.'"  Ashcroft v. Iqbal, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

III.

Plaintiffs appeal the dismissal of their federal claim as well as their state-law claim.  We will discuss each in turn.

A.

Plaintiffs' federal claim, asserted pursuant to 42 U.S.C. § 1983, alleges that defendants violated the substantive component of the Fourteenth Amendment's due process clause pursuant to a "state-created danger" theory.  We first recognized this theory of liability in Kneipp v. Tedder, 95 F.3d 1199 (3d Cir. 1996).  In Kneipp and later cases, we set forth the four requisite elements to plead adequately a state-created danger claim:

> (1) the harm ultimately caused must have been foreseeable and fairly direct;
>
> (2) a state actor acted with a degree of culpability that shocks the conscience;
>
> (3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a member of the public in general; and
>
> (4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.

Bright v. Westmoreland Cnty., 443 F.3d 276, 281 (3d Cir. 2006) (footnotes and quotations omitted); see also Morse v. Lower Merion School Dist., 132 F.3d 902, 908 (3d Cir. 1997); Kneipp, 95 F.3d at 1208.

The Report and Recommendation adopted by the District Court held that plaintiffs failed to allege facts sufficient to plead adequately the first and fourth elements of this claim. We agree.

In regard to the first element, two prior cases involving the state-created danger theory of liability are instructive. In Morse, a local resident entered a school building through an unlocked door and shot and killed a teacher. The plaintiffs in that case alleged that the state had created the danger by leaving one entrance of the school open and unlocked in order to facilitate a construction project. We held that these allegations failed to establish that the injury was a "fairly direct" result of the defendant's actions, determining that the link between the defendants' action and the subsequent harm was "too attenuated" given that "it was not defendants' decision to allow the rear entrance to the school to remain open that precipitated or was the catalyst for the attack." Morse, 132 F.3d at 909, 910. By contrast, in Kneipp, police officers left a visibly inebriated woman alone by the road in cold weather; that woman subsequently fell and suffered severe injuries resulting from exposure. We held that a reasonable juror could find that those injuries were a foreseeable and fairly direct consequence of the state's actions. Kneipp, 95 F.3d at 1208.

6

In this case, plaintiffs fail to allege facts to create a plausible inference that the refusal of defendants to take various measures to enforce the "closed campus" policy – such as implementing a surveillance of the parking lot or maintaining security at the doors of the school – "precipitated" or served as the "catalyst" for the subsequent and tragic accident. There are various intervening causes, including both students' voluntary decision to leave school early in violation of both written school policy and Pennsylvania state truancy law, plaintiffs' son's choice to ride as a passenger in a fellow student's vehicle, and most significantly, the fact that the student driver lost control of his vehicle. As in Morse – and unlike in Kneipp – the connection between defendants' actions and the subsequent harm is simply "too attenuated" to satisfy the "fairly direct" component of the first element of a state-created danger claim.[3]

For similar reasons, plaintiffs have failed to plead adequately the fourth element of their state-created danger claim. We have held that "[t]here must be a direct causal relationship between the affirmative act of the state and plaintiff's harm" in order to satisfy this element. Kaucher v. Cnty. of Bucks, 455 F.3d 418, 432 (3d Cir. 2006). For example, in Morse, we deemed the plaintiff's allegation that keeping the rear entrance of the school building unlocked "increased the risk" of harm insufficient, instead requiring

---

[3] Plaintiffs rely solely on Mohammed v. School District of Philadelphia, 196 F. App'x 79 (3d Cir. 2006) (unpublished), to argue this point in their brief. As an initial matter, we remark that unpublished not precedential "opinions are not regarded as precedents that bind the court because they do not circulate to the full court before filing." Third Circuit Internal Operating Procedure 5.7. In any event, Mohammed is not inconsistent with our holding.

7

allegations that "the act or omission of the state actor [] directly place[] the victim in harm's way." Morse, 132 F.3d at 915. In Kneipp, by contrast, we held that a reasonable jury could find that defendants placed the victim directly in harm's way, since "but for the intervention of the police, [the intoxicated woman's husband] would have continued to escort [the woman] back to their apartment where she would have been safe." Kneipp, 95 F.3d at 1209. In this case, while plaintiffs' allegations may suffice to establish an inference that defendant's actions increased the risk that students would leave school early, plaintiffs' complaint fails to give rise to a plausible inference that defendants directly placed their son in harm's way, and thus does not satisfy the fourth element's "direct causal relationship" requirement.

Accordingly, we will affirm the dismissal of plaintiffs' § 1983 claim.

## B.

Plaintiffs' second claim for willful misconduct alleges a violation of 42 Pa. Cons. Stat. § 8550. Willful misconduct for purposes of 42 Pa. Cons. Stat. § 8550 occurs only if "'the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied.'" Bright, 443 F.3d at 287 (quoting Robbins v. Cumberland Cnty. Children & Youth Servs., 802 A.2d 1239, 1252 (Pa. Commw. Ct. 2002)). There are no allegations here that give rise to a plausible inference that defendants "desired" to injure plaintiffs' son or were aware that such injury was "substantially certain to follow, so that desire can be implied" from the failure to

8

enforce properly the school's closed campus policy.  We thus will affirm the dismissal of plaintiffs' state-law claim.

IV.

For the reasons stated above, we will affirm.