558 A.2d 589.

Todd Alexander Gump, a minor, by his parents and natural guardians, Alexander F. Gump, and Carol L. Gump, his wife, Appellants v. Chartiers-Houston School District, Timothy Mousetis, and Frank Rotunda, Appellees.

Argued October 3, 1988, before Judges COLINS and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Stephen A. Zappalla, Jr., Dattilo, Barry, Fasulo & Cambest,* for appellants.

*Phillip J. Binotto, Jr., Binotto, Sweat & Johnson,* for appellees.

OPINION BY JUDGE McGINLEY, May 5, 1989:

Todd Alexander Gump, a minor, and his parents Alexander F. Gump and Carol L. Gump (Appellants) appeal an order of the Court of Common Pleas of Washington County (trial court) granting summary judgment to Chartiers-Houston School District (Appellee).

On February 23, 1985, Todd Alexander Gump (Todd) a member of the Chartiers-Houston High School's wrestling team, was injured while sprinting in a running drill conducted in the hallway of the high school. As he reached the end of the hallway Todd failed to negotiate a left hand turn and unintentionally pushed his hand through the window pane of a hallway door. Todd suffered multiple lacerations of the right hand and arm requiring medical treatment.

The Appellants allege in their complaint[1] that Todd's injuries were the result of a defect in the realty.[2] Appellants specifically allege that a defect of the door window caused the injury.[3] The Appellants also allege that the

---

[1] The Appellants also brought suit against wrestling instructors, Timothy Mousetis and Frank Rotunda, but these individuals were subsequently dismissed by Consent Order.

[2] Appellants allege the following:

d. The failure to adhere to the recommended design criteria for school facilities (formerly Standards for School Buildings) as promulgated by the Pennsylvania Department of Education;

e. In failing to install a type of window as aforesaid and thereby permitting a dangerous and hazardous condition to exist upon its premises;

i. In failing to know, or reasonably foresee, that the use of the hallway area as a wrestling practice facility, would cause injury to the Minor-Plaintiff;

m. In failing to warn Plaintiff that the glass in the external hallway window was of an ordinary nature and not shatterproof or reinforced;

n. In failing to use any other glass available when the School was constructed which could have been used and which could have prevented the injuries which Minor-Plaintiff has sustained;

Plaintiffs' Complaint Reproduced Record (RR) at 12A-14A.

[3] Appellants allege:

20. That on February 25, 1985, while the Minor-Plaintiff, at the direction of the individual Defendants Mousetis and Rotunda and while participant in the running through the hallways as aforesaid, and in fact at the end of one of the

defect could have been corrected by the installation of safety glass or other types of protective devices.[4]

The Appellee raised the affirmative defense of governmental immunity in its preliminary objections. The Appellants filed preliminary objections in the nature of a Motion to Strike for lack of conformity to law or rule of court[5] and a response to Appellee's preliminary objections. The trial court sustained Appellants' preliminary objections and dismissed Appellee's preliminary objections in the nature of a demurrer. Appellee filed an Answer and New Matter raising the defense of governmental immunity. Appellants filed a Reply to New Matter. Appellee then filed a Motion for Summary Judgment and the trial court granted it. The trial court concluded

---

sprints, the Minor-Plaintiff was caused to collide into, and against, an external hallway window causing the Minor-Plaintiff's right had to shatter the aforesaid external window resulting in serious and permanent personal injury to the MinorPlaintiff as hereinafter set forth.
Plaintiffs' Complaint, RR at 10A-11A.

[4] Appellants allege the following:
    b. The failure to use tempered glass, wired glass, glass block, plastic sheets, laminated safety glass, or any other materials approved by the Pennsylvania Department of Education in an area which is readily accessible to contact by pedestrians and/or students;
    c. The failure to install other types of protective devices in front of the window in the form of the railings, grills, screens, or any other type of protective device approved by the Pennsylvania Department of Education which would prohibit contact with the window;
Plaintiffs' Complaint, RR at 11A-12A.

[5] We note that Pa. R.C.P. 1030 requires that all affirmative defenses, including immunity from suit, shall be pled in a responsive pleading as a "New Matter." Thus, the proper manner for Appellants to proceed is to file preliminary objections to Appellees' preliminary objections in the nature of a motion to strike for lack of conformity to law or rule. *See Swartz v. Masloff,* 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981).

that the Appellants' claim did not fall under any of the specific exceptions to immunity in Section 8542(b) of the Judicial Code (Code), 42 Pa. C. S. §8542(b). The trial court also found that the Appellants' allegations amounted to a claim of negligent supervision which has been repeatedly determined not to be an exception under Section 8542 of the Code.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. *Miller v. Emelson,* 103 Pa. Commonwealth Ct. 437, 520 A.2d 913 (1987). Summary judgment is properly granted where there is no genuine issue of material fact and the moving party has clearly established entitlement to judgment as a matter of law. *Kuehner v. Parsons,* 107 Pa. Commonwealth Ct. 61, 527 A.2d 627 (1987).

On appeal the Appellants argue that the injuries sustained by Todd were not the result of negligent supervision. Rather, the Appellants argue that their complaint falls within the real property exception to governmental immunity, Section 8542(b)(3) of the Code, 42 Pa. C. S. §8542(b)(3). A plaintiff seeking to recover under Section 8542 of the Code must meet two distinct requirements. *Rhoads v. Lancaster Parking Authority,* 103 Pa. Commonwealth Ct. 303, 520 A.2d 122 (1987), *petition for allowance of appeal denied,* 515 Pa. 611, 529 A.2d 1084 (1987). First, he must show that he possesses a common law cause of action against the local agency, 42 Pa. C. S. §8542(a)(1), and second, he must demonstrate that the cause of action falls within one of the eight exceptions to governmental immunity contained in Section 8542(b) of the Code. *Farber v. Engle,* 106 Pa. Commonwealth Ct. 173, 525 A.2d 864 (1987). The Appellants argue they have alleged a cause of action as set forth in Section 343 of the

Restatement (Second) of Torts (1965).[6] The Appellants also allege that Todd was an invitee[7] because of his status as a student and member of the wrestling team.

Our Supreme Court in *Atkins v. Urban Redevelopment Authority of Pittsburgh,* 489 Pa. 344, 414 A.2d 100 (1980) when referring to Section 343 of the Restatement (Second) of Torts (1965) noted that:

> It is clear from this section, and the comments thereto, that liability depends not simply on the status of the injured party (e.g., 'licensee' v. 'invitee'), but on many variables. Major variables include *the purposes of the invitation,* the obviousness of the danger, the likelihood that the invitee will realize the danger and will take steps to protect himself, the nature of the land and the purposes for which it is used. (Emphasis in original.)

---

[6] Section 343 of the Restatement provides:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

[7] Section 332 of the Restatement (Second) of Torts (1965) defines invitee as:

(1) An invitee is either a public invitee or a business visitor.

(2) A public invitee is a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.

(3) A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land.

*Atkins,* 489 Pa. at 351-352, 414 A.2d at 104. Appellants assert that Appellee should have realized that the hallway window created an unreasonable risk of harm given the regular and permitted use of the hallway as a runway during wrestling practice; that Appellee should have expected that Todd would not discover or realize the danger or would fail to protect himself against the danger; and that Appellee did nothing to protect Todd against the danger. Appellants have alleged facts that satisfy each element of Section 343 of the Restatement (Second) of Torts (1965).

We next address whether Appellants' cause of action falls within the exception to immunity found in Section 8542(b)(3) of the Code. Section 8542(b)(3) of the Code relevantly provides as follows:

> (b) Acts which may impose liability. The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency: ...
>
> (3) Real property. The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency....

The Appellants assert that under Section 8542(b)(3) of the Code Appellee is amenable to suit and not immune because of the alleged regular and permitted use of the hallway for wrestling related activities. The Appellants also contend that the Appellees' failure to install a type of window that was shatterproof or reinforced created a dangerous condition. The Appellants' allegations squarely place them within the exception.

Finally, Appellee argues that Appellants have failed to file any kind of deposition, report or affidavit concern-

ing defective design. Appellee relies on an affidavit of record which states that no defective design existed in the realty.[8] Although Appellants have not filed counter-affidavits we must still determine whether the Appellee has satisfied the burden of proving that no genuine issues of material fact exist. *Santoro v. City of Philadelphia*, 59 Pa. Commonwealth Ct. 114, 429 A.2d 113 (1981). Appellee's affidavit concerns itself with the lack of a defect in the construction, design and placement of the window in a hallway corridor used as a hallway. Appellants have pleaded facts alleging a defect as a result of the realty regularly being used for wrestling activities.[9] A genuine issue of material fact exists of record and the Appellee is not entitled to summary judgment.

---

[8] Architect William F. English's affidavit in relevant part provides:

As a result of the aforesaid and my investigation of the building and place where the accident occurred, it is my professional opinion with a reasonable degree of certainty that:

1. The Chartiers-Houston High School, the hallway corridor where the accident occurred, and the window which was broken as a result of the accident were properly designed, free of any defects whatsoever at the time it was constructed.

2. Based on my understanding of the facts, on the date of the accident there existed no defects in the real estate which was generally known as the Chartiers-Houston High School in the area where the accident occurred and specifically in the construction, design, and placement of the window, which was broken as a result of the accident, and in the construction, design, and use of the type of glass contained in said window.

Supplemental Reproduced Record at 106-116.

[9] Appellants have alleged:

That the injuries and damages hereinafter set forth were the direct and proximate result of the negligence of the Defendant School District in the care, custody and control of the School Facility....

Plaintiffs' Complaint, RR at 11A.

Accordingly, we reverse the trial court and remand for proceedings consistent with this opinion.

ORDER

NOW, May 5, 1989, the order of the Court of Common Pleas of Washington County, at No. 387 of 1986, dated March 28, 1988, is reversed and the case is remanded for proceedings consistent with this opinion.

Jurisdiction relinquished.

Judge BARRY did not participate in the decision in this case.