574 A.2d 129

**Bruce MUSHENO and Joan Musheno, individually and as Parents and Administrators of the Estate of Scott Musheno, Deceased, Appellants,**

**v.**

**LOCK HAVEN UNIVERSITY OF PENNSYLVANIA and Recreation for Exceptional Citizens Program (REC), Appellees.**

Commonwealth Court of Pennsylvania.

Argued April 5, 1990.

Decided May 11, 1990.

Petition for Allowance of Appeal
Denied Oct. 10, 1990.

Charles J. McKelvey, McNerney, Page, Vanderlin & Hall, Williamsport, for appellants.

Stephen E. Geduldig, Deputy Atty. Gen., Torts, Litigation Section, with him, Mark E. Garber, Chief, Torts Litigation, and Ernest D. Preate, Jr., Atty. Gen., for appellees.

Before COLINS, PALLADINO and McGINLEY, JJ.

COLINS, Judge.

Bruce Musheno and Joan Musheno (collectively parents), individually and as parents and administrators of the Estate of Scott Musheno (Scott), appeal an order of the Court of Common Pleas of Clinton County (trial court) granting summary judgment to Lock Haven University of Pennsylvania and Recreation for Exceptional Citizens Program (REC) (collectively Lock Haven). We affirm.

Scott, a handicapped eighteen year-old who suffered from cerebral palsy since birth, drowned in Lock Haven's swimming pool while participating in a REC program. Scott, a non-swimmer, was mentally retarded and unable to care for himself. Lock Haven admits that Scott was found unconscious at the bottom of the pool and eventually died at Geisinger Medical Center on June 15, 1987. The parents allege in their complaint that Lock Haven negligently created a dangerous condition of the realty (pool) by failing to enforce Commonwealth regulations promulgated for safe use of the pool. Lock Haven raised the defense of governmental immunity and filed a Motion for Summary Judgment, which was granted by the trial court. The trial court found that the parents had alleged a clear case of negligence, which resulted in Scott's death. However, the negligent conduct with respect to the supervision of Scott, fails to state a cause of action within any exception to governmental immunity.

■ We must determine whether the trial court erred as a matter of law when it held that the ten foot deep pool

used by Scott, without a lifeguard, was not a dangerous condition of the realty created by Lock Haven's negligence.

Our scope of review of the grant of a motion for summary judgment is limited to determining whether there has been an error of law or a manifest abuse of discretion. Summary judgment is properly granted where there is no genuine issue of material fact and the moving party has clearly established entitlement to judgment as a matter of law. *Gump v. Chartiers–Houston School District*, 125 Pa.Commonwealth Ct. 596, 558 A.2d 589, *petition for allowance of appeal denied*, 565 A.2d 1168 (1989).

■ The parents argue that Scott's injuries were not the result of negligent supervision, but that their complaint falls within the real property exception to governmental immunity found in Subsections 8522(a) and (b)(4) of the Judicial Code, 42 Pa.C.S. § 8522(a) and (b)(4).[1] Two requirements must be met: (1) the plaintiff must possess a common law cause of action or a statute creating a cause of action must exist for a person not having available the defense of governmental immunity; and (2) the cause of action must fall within one of the eight exceptions to governmental immunity. *Gump.*

The parents allege causes of action under the common law requirement for a lifeguard, *Rivera v. Philadelphia Theological Seminary*, 510 Pa. 1, 507 A.2d 1 (1986), and under safety regulations provided for pursuant to the Public Bathing Law, Act of July 12, 1979, P.L. 93, *as amended*, 35 P.S. §§ 672–680d, and pursuant to regulations propounded by the Pennsylvania Department of Environmental Resources at 25 Pa.Code §§ 193.41–43, made applicable to schools at 25 Pa.Code § 171.16. Furthermore, the parents also allege that they have a cause of action under Section 332 Restatement (Second) Torts (1965) in that Scott was an invitee. The record reflects that the parents, under the

1. These subsections are part of the current law regarding governmental immunity that repealed what was formerly the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§ 5311.101–5311.803.

facts, could satisfy the requirements of any of these causes of action. Thus, the first requirement set out in *Gump* has been met. However, because the cause of action does not fall within one of the exceptions to governmental immunity, the second requirement set out in *Gump* cannot be met.

██ The real estate exception to governmental immunity is a narrow exception and refers only to injuries arising out of the care, custody or control of the real estate in the possession of the political subdivision or its employees. *Mascaro v. Youth Study Center*, 514 Pa. 351, 523 A.2d 1118 (1987). Furthermore, "the real estate exception, ... has consistently been held to be unavailable to those whose claim of negligence consists of a failure to supervise the conduct of students or persons adequately." *Id.*, 514 Pa. at 362, 523 A.2d at 1124 (citations omitted) (footnote omitted). "The real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land *itself* causes the injury, not merely when it facilitates the injury by the acts of others, these acts are outside the statute's scope of liability." *Id.*, 514 Pa. at 363, 523 A.2d at 1124. In the *Gump* case, this Court held that the appellant had pleaded facts alleging a defect as a result of the realty regularly being used for wrestling activities and that their allegations placed them within the real property exception to governmental immunity. *Gump* is distinguishable in that the student, a member of the school's wrestling team, was injured while running in a drill conducted in the hallway of the high school. He unintentionally pushed his hand through the windowpane of a hallway door and suffered multiple injuries.

In the instant case, the allegations do not contain statements as to artificial conditions or defects of the land itself. What is alleged here is a lack of a lifeguard which the trial court correctly found to be negligent supervision. Unfortunately, this egregiously negligent supervision is not a basis for a cause of action that would fit into the real estate exception. We, therefore, must affirm the trial court's grant of summary judgment.

## ORDER

AND NOW, this 11th day of May, 1990, the order of the Court of Common Pleas of Clinton County in the above-captioned matter is affirmed.