## Gilson v. Doe

*Jayne Shinko,* for plaintiff.
*Charles J. McKelvey,* for defendant.

RAUP, *P.J.,* January 7, 1991—Before the court are the cross motions for summary judgment filed by the parties in this case. Plaintiff in her motion seeks partial summary judgment on the issue of liability. Defendants in their motion seek summary judgment

on the basis of governmental immunity, comparative negligence on the part of plaintiff and assumption of risk.

## STANDARD OF REVIEW

Title 42 Pa.C.S. §1035(b) states after the close of pleadings and upon motion of either party, a judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions, along with affidavits, show "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In motions for summary judgment, the court's responsibility is limited to determining whether any material issues of fact remain in dispute. The court's review involves giving "the party against whom the motion is directed the benefit of all favorable inferences with a view toward providing a jury trial in all but clear cases where no issue of credibility of witnesses is presented." (citations omitted) See *Whigham v. Pyle,* 224 Pa. Super. 6, 9, 302 A.2d 498, 500 (1973).

This is a personal injury action in which plaintiff alleges that on June 11, 1986 she suffered injuries resulting from a fall which occurred as she approached the Williamsport Area High School to attend her daughter's graduation ceremonies.

For the purposes of defendants' motion for summary judgment, we will assume that plaintiff, on the day in question, had been driven to the area of the Williamsport Area High School by her husband for the purpose of attending her daughter's graduation ceremonies; that plaintiff was a handicapped individual at the time; that plaintiff's husband who was operating the automobile informed a traffic attendant, who was an employee of defendant school

district, of plaintiff's handicapped condition and requested either handicapped parking or permission to allow plaintiff to get out of the vehicle close to the school building; that the attendant refused the request and directed the Gilson vehicle to a lower parking lot, and that as a result of this, plaintiff, her husband and daughter were forced to walk from the lower parking lot to a set of steps, up the steps and then up an incline having a grade of approximately 19 degrees to a point where the walkway leveled out and intersected with a driveway. The driveway in question was a loop. Plaintiff, who walked with extreme difficulty, could have walked on the sidewalk which paralleled the loop driveway; however, this would have meant walking an extended distance. The alternate approach was to step down from a 4-inch curb onto the driveway with the purpose of crossing the driveway, stepping up on the far side and following a walkway which gave a direct route across the land within the loop of the driveway. As the plaintiff stepped off the curb, she fell, suffering the injury which is the subject of this action.

It is not asserted that there was any intrinsic defect in the sidewalk or curb at the point where plaintiff stepped onto the driveway and fell. Rather, it is plaintiff's contention that defendant school district was required under the provisions of the Physically Handicapped Act of 1965 (P.L. 235 §2, 71 P.S. §1455.2) to provide certain handicapped access to the school building and that the specific requirements were that for handicapped individuals walks must blend into driveways so that they have a common level.

Plaintiff acknowledges and in fact alleges in the complaint the following:

"(16) The defendant WASD has a reserved parking area for handicapped persons next to the gymnasium (where the graduation ceremonies were to occur) and this area is equipped with ramps.

"(17) Defendant WASD has a large turnaround area in front of the gymnasium for the purpose of picking up and discharging passengers.

"(18) On June 11, 1986, sufficient facilities and alternatives existed at WAHS to allow plaintiff to be safely and without incident discharged from her vehicle to attend commencement ceremonies."

The applicable law pertaining to governmental immunity is enunciated in the Political Subdivision Tort Claims Act, 42 Pa.C.S. §8542(b)(3)(6) and (7):

"§8542. *Exceptions to governmental immunity*

"(b) *Acts which may impose liability*—The following acts by local agency or any of its employees may result in the imposition of liability on a local agency: . . .

"(3) *Real property*—The care, custody or control of real property in possession of the local agency except that the local agency shall not be liable for damages on account of any injuries sustained by a person intentionally trespassing on real property in the possession of the local agency. . . .

"(6) *Streets*—

"(i) A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . .

"(7) *Sidewalks*—A dangerous condition of sidewalks within the rights-of-way of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonable foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition. . . ."

It is clear from the above-recited facts that plaintiff's cause of action is based upon the failure of the parking attendant to allow plaintiff to make use of the handicapped access which was present either by parking in the handicapped area and using the ramp approach available therefrom, or in allowing plaintiff's husband to approach the gymnasium by the loop driveway and allowing her to gain access in that manner. The school facility by the face of the complaint was equipped with handicapped access areas. The problem of which plaintiff complains is that she was not allowed to use those facilities. The negligence of which she complains was in the performance of the parking attendant, the training of the parking attendant, and the hiring of the parking attendant. Negligence in the hiring and training of employees cannot be the subject of an action against a government entity such as a school district.

As a matter of law plaintiff's claim does not fall within any of the exceptions to governmental immunity and specifically does not involve a claim resulting from the care, custody or control of real property in the possession of the school district, a dangerous condition of streets owned by the school

district, or a dangerous condition of sidewalks owned by the school district. In *Houston v. Central Bucks School Authority,* 119 Pa. Commw. 48, 54, 546 A.2d 1286, 1289 (1988), *alloc. den.,* 522 Pa. 598, 562 A.2d 322 (1989), the court stated, *"[T]he real estate exception can be applied only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury* by the acts of others, whose acts are outside the statute's scope of liability." (emphasis in original) See also, *Musheno v. Lock Haven University* 132 Pa. Commw. 643, 647, 574 A.2d 129, 131 (1990) and *Mascaro v. Youth Study Center,* 514 Pa. 351, 363, 523 A.2d 1118, 1124 (1987).

Accordingly, summary judgment will be entered in favor of defendants and against plaintiff.

It is not necessary for us to reach the issues in defendants' motion pertaining to comparative negligence or assumption of risk. Had we reached those issues, the motion would have been denied.

It follows from our holding with regard to defendants' motion for summary judgment that the plaintiff's motion for summary judgment on the issue of liability is to be denied.


## ORDER

And now, January 7, 1991, for the reasons set forth in the foregoing discussion, defendants' motion for summary judgment is granted and judgment is entered in favor of defendants and against plaintiff. Plaintiff's motion for summary judgment on the issue of liability is denied.