# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| L.B., Individually as Parent and Natural Guardian of E.C., a Minor | : | **CASE SEALED** |
| | : | |
| | : | |
| | : | No. 1156 C.D. 2023 |
| v. | : | |
| | : | Argued: February 5, 2025 |
| Leechburg Area School District, | : | |
| Appellant | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
            HONORABLE PATRICIA A. McCULLOUGH, Judge
            HONORABLE ANNE E. COVEY, Judge
            HONORABLE MICHAEL H. WOJCIK, Judge
            HONORABLE LORI A. DUMAS, Judge
            HONORABLE STACY WALLACE, Judge
            HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                                    **FILED:  October 20, 2025**

Leechburg Area School District (District) appeals from the order entered by the Court of Common Pleas of Armstrong County (trial court), which overruled the District's preliminary objections invoking immunity.  On appeal, the District contends that L.B. (Plaintiff), individually, and as guardian of E.C., a minor, failed to plead a negligence claim.  We affirm.

## I. BACKGROUND[1]

In November 2021, a male student approached E.C. while she walked down the hallway during a District after-school program.  The student invited E.C. into the men's restroom, where he sexually assaulted her.  Plaintiff sued the District

---

[1] In presenting the background, we "accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Marshall v. Se. Pa. Transp. Auth.*, 300 A.3d 537, 540 n.1 (Pa. Cmwlth. 2023) (citation modified).

for negligence and negligent infliction of emotional distress.

For negligence, Plaintiff alleged that the District had a duty to protect E.C. from harm while under the District's supervision. In support, Plaintiff averred that the District regularly held an after-school program, at which the District represented to parents that it would supervise participating students. Per Plaintiff, the District failed to supervise the students, including tracking attendance or monitoring the hallways for missing students. Plaintiff stressed that during the sexual assault, no District employee was present in the hallways or the restroom. Plaintiff alleged the District knew of three prior assaults, *i.e.*, basketball team hazing in a locker room, gun incident in the men's restroom, and teacher misconduct, but failed to take steps to prevent such assaults. Plaintiff asserted that due to the District's conduct, E.C. suffered physical harm and mental anguish, among other injuries. *See* Am. Compl., 5/15/23, ¶¶ 22-32, 42-44, 72-73, 76-77, 80-81, 90.

The District filed preliminary objections invoking immunity under the Political Subdivision Tort Claims Act (Act), codified at 42 Pa.C.S. §§ 8541-8542. Prelim. Objs., 5/31/23, ¶ 62. The District maintained it had "no duty to protect students from unanticipated harm from" fellow students, while Plaintiff preliminarily objected to the District's premature invocation of immunity. *Id.* § I.A; Dist.'s Br. in Supp. of Prelim. Objs. to Pl.'s Am. Compl., 5/31/23, at 4; Pl.'s Prelim. Objs. to Prelim. Objs., 6/26/23, ¶ 16.

The trial court resolved both parties' preliminary objections together. Order, 8/1/23. In relevant part, the trial court sustained Plaintiff's preliminary objections to the District's preliminary objections by striking *without prejudice* the District's immunity defense as premature.[2] The court also sustained the District's

---

[2] In its opinion, the court suggested in *dicta* that Plaintiff's negligence claim falls within an exception to immunity under the Act. *See* Trial Ct. Op., 8/1/23, at 7. The District has since filed

2

preliminary objections in part by dismissing Plaintiff's emotional distress claim. The court permitted Plaintiff's negligence claim to proceed. *Id.*

In support, the trial court reasoned that the District had a duty to protect E.C. from another student's sexual assault based upon the District's relationship with its students. Trial Ct. Op., 8/1/23, at 2-3 (discussing Section 1317 of the Public School Code of 1949 (Code), 24 P.S. § 13-1317,[3] and citing *Upper Merion Area Sch. Dist. v. Teamsters Local #384*, 165 A.3d 56 (Pa. Cmwlth. 2017) (*Upper Merion*) (McCullough, J., dissenting) (opining that the school district had "an absolute obligation to ensure the safety and welfare of all students as it stands *in loco parentis* to pupils")). The court noted that per Plaintiff's complaint, the District "assumed a duty" by representing to Plaintiff that the District would supervise students during the after-school program. *Id.* at 3. The court opined that because the District was aware of three prior incidents, the District could foresee harm to E.C. *Id.* at 3-4.

The District timely filed an application to certify the trial court's order as an appealable order under 42 Pa.C.S. § 702(b), which was denied by operation of law. *See* Dist.'s Appl. for Am. of Interlocutory Order, 8/21/23; Order, 4/15/24, at 1 n.1 (order) (unpaginated). Thereafter, we granted the District's petition for permission to appeal, and the trial court filed a Pa.R.A.P. 1925(a) opinion.

## II. ISSUES

The District raises two issues. First, the District contends that Plaintiff failed to plead a duty for a negligence claim within the scope of the Act's sexual

---

an answer and new matter, in which it again invoked immunity under the Act. Dist.'s Answer & New Matter, 8/28/23, ¶ 94.

[3] Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1-101 to 27-2702. Section 1317 of the Code states that during school, every public school teacher has the right to exercise the same authority a parent has over a child's conduct and behavior. 24 P.S. § 13-1317. For convenience, we refer to the Code "only by their Purdon's citation." *Herold v. Univ. of Pittsburgh*, 329 A.3d 1159, 1166 n.1 (Pa. 2025).

abuse exception to immunity. Dist.'s Br. at 5. Second, according to the District, school districts lack a special relationship with their students and, therefore, do not incur a duty under 24 P.S. § 13-1317. *Id.*

### III. DISCUSSION[4]

Before discussing the parties' arguments, we stress that the District's framing of its first issue conflates two profoundly dissimilar concepts: duty and immunity. *Compare Bilt-Rite*, 866 A.2d at 280 (defining duty), *and Dittman v. UPMC*, 196 A.3d 1036, 1046-47 (Pa. 2018) (same), *with L.F.V. v. S. Phila. High Sch.*, 340 A.3d 395, 400 (Pa. Cmwlth. 2025) (*en banc*) (defining immunity under the Act), *appeal filed*, (Pa., No. 243 EAL 2025, filed July 9, 2025).[5] Not only are the two concepts fundamentally distinct, but the pleading burdens differ: a plaintiff pleads a duty for its negligence claim and a defendant pleads affirmative defenses like immunity. *Compare Dittman*, 196 A.3d at 1047 (recognizing that the court must accept the plaintiffs' factual allegations regarding a duty as true in resolving preliminary objections), *with Reott v. Asia Trend, Inc.*, 55 A.3d 1088, 1095 (Pa. 2012) (explaining that a defendant ordinarily pleads affirmative defenses in a new matter).

---

[4] "The standard of review for preliminary objections in the nature of a demurrer is limited; the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005) (*Bilt-Rite*) (citation modified); *see Steiner v. Markel*, 968 A.2d 1253, 1258 n.11 (Pa. 2009) (explaining a plaintiff may proceed on any theory of liability supported by the well-pleaded facts). We review *de novo* a question of statutory interpretation. *MFW Wine Co. v. Pa. Liquor Control Bd.*, 318 A.3d 100, 122 (Pa. 2024). We may not add "a requirement which the legislature did not see fit to include." *Pilchesky v. Lackawanna Cnty.*, 88 A.3d 954, 965 (Pa. 2014) (citation modified). We may affirm on any grounds evident of record and read all decisions against their facts. *Toland v. Pa. Bd. of Prob. & Parole*, ___ A.3d ___, ___ n.19 (Pa., No. 11 EAP 2024, filed Oct. 6, 2025), slip op. at 21 n.19, 2025 WL 2825637, *11 n.19; *Mazer v. William Bros. Co.*, 337 A.2d 559, 562 n.6 (Pa. 1975); *Maloney v. Valley Med. Facilities, Inc.*, 984 A.2d 478, 485-86 (Pa. 2009).

[5] A duty is a legally recognized obligation, and immunity is an exemption from suit. *Bilt-Rite*, 866 A.2d at 280; *L.F.V.*, 340 A.3d at 400. We elaborate further below.

4

When filing a complaint, a plaintiff has no obligation to artfully plead facts in anticipation of a defendant's unknown affirmative defenses. No such obligation exists because a defendant has the self-evident burden of pleading and proving an affirmative defense. *See Reott*, 55 A.3d at 1095; *Goldman v. McShain*, 247 A.2d 455, 461 (Pa. 1968) (explaining that "to say that a possible affirmative defense exists to a complaint is not to say that such a complaint is legally insufficient on its face. It may still state a claim upon which relief can be granted, even though the relief itself will eventually be denied should [the] defendant prove his affirmative defense" (citation modified)). Thus, we reject the District's problematic articulation of its first issue, as it presumes that Plaintiff has the burden of anticipatorily pleading a duty that negates the District's immunity. *See Goldman*, 247 A.2d at 461.[6]

Nevertheless, despite the District's inartful phrasing, we can decipher its underlying substantive arguments. For clarity's sake, we divide our discussion into three parts. First, we address whether the Act imposed any sort of pleading requirements on Plaintiff. Second, we discuss whether Plaintiff was required to plead a violation of a duty under the Code. Last, we resolve foreseeability.

## A. The Act's Pleading Requirements

The District argues it has immunity because Plaintiff did not "demonstrate that [her] cause of action falls within one of the exceptions to governmental immunity." Dist.'s Br. at 12-13 (citing *Gump ex rel. Gump v.*

---

[6] "Surely, for example, we would not hold that a complaint in trespass failed to state a claim upon which relief could be granted simply because the defendant's new matter raised the defense of contributory negligence. To prevail, [the] defendant would still have to prove that defense at trial . . . ." *Goldman*, 247 A.2d at 461 (citation modified); *cf. Thomas v. Indep. Twp.*, 463 F.3d 285, 289, 293 & n.2 (3d Cir. 2006) (explaining "that a plaintiff has no pleading burden to anticipate or overcome a qualified immunity defense" and rejecting a "rule of pleading *requiring* a plaintiff to set forth allegations negating an affirmative defense" (emphasis in original)). We may cite federal cases for their persuasive value. *Marshall*, 300 A.3d at 540 n.2.

*Chartiers-Houston Sch. Dist.*, 558 A.2d 589 (Pa. Cmwlth. 1989)).  Plaintiff counters that she pleaded negligence properly.  Pl.'s Br. at 8, 10-12.  Plaintiff argues that the Act does not require her to prove her claim falls within an immunity exception.  *Id.* at 16-17.

Section 8541 of the Act generally immunizes school districts from liability for damages unless two conditions are satisfied.  42 Pa.C.S. § 8541.  The first condition is "damages would be recoverable under common law or a statute creating a cause of action."  *Id.* § 8542(a)(1).  The second condition is the plaintiff's injury results from "negligent acts" falling within nine enumerated categories, including sexual abuse.  *Id.* § 8542(a)(2), (b)(9).[7]

Because the Act requires a "negligent" act and "common law" damages, *id.* § 8542(a)(1)-(2), the Act necessarily incorporates common law negligence elements: duty, breach, causation, and damages.  *See Bilt-Rite*, 866 A.2d at 280.  The Act imposes no additional pleading burden beyond the facts required by jurisprudence governing complaints.  *See* 42 Pa.C.S. §§ 8541-8542; *Pilchesky*, 88

---

[7] Section 8542(a) follows:

**(a) Liability imposed.--**A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):

(1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and

(2) The injury was caused by the negligent acts of the local agency or an employee thereof acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

42 Pa.C.S. § 8542(a).

A.3d at 965; *see also Bricklayers of W. Pa. Combined Funds, Inc. v. Scott's Dev. Co.*, 90 A.3d 682, 694 n.15 (Pa. 2014) (explaining that a complaint's "purpose is to state the facts comprising the cause of action on which the plaintiff relies, so as to enable the defendant to prepare a defense," such as an affirmative defense (citation modified)).

A defendant invokes an affirmative defense (like immunity) in an answer and new matter. Pa.R.Civ.P. 1030. However, before filing an answer and new matter, a defendant may file preliminary objections. In resolving preliminary objections, courts must accept a plaintiff's well-pleaded facts as true. *Bilt-Rite*, 866 A.2d at 274. This standard differs from summary judgment when courts resolve factual disputes against the moving party. *Maas v. UPMC Presbyterian Shadyside*, 234 A.3d 427, 436 (Pa. 2020); *see also* Pa.R.Civ.P. 1035.2.

*Gump*, for example, addressed immunity in the context of summary judgment. *Gump*, 558 A.2d at 590, 592. In *Gump*, a student injured himself by accidentally pushing his hand through a hallway door window. *Id.* at 590. Following discovery, the trial court granted summary judgment for the school district. *Id.* The plaintiffs appealed, arguing their negligence claim fell within the real property exception to immunity. *Id.* at 591. On appeal, the *Gump* Court stated that the plaintiffs must demonstrate (1) a common law cause of action against the district; and (2) that the cause of action falls within a Section 8542(b) immunity exception. *Id.* This Court reversed, holding that the plaintiffs asserted a common law claim that satisfied an immunity exception. *Id.*

Instantly, the District's reliance on *Gump* for the proposition that *Plaintiff* must plead her negligence claim falls within an immunity exception fails. It fails because *Gump* addressed summary judgment following discovery and not

preliminary objections. *See Gump*, 558 A.2d at 590, 592; *Maloney*, 984 A.2d at 485-86. *Gump*'s "requirement"—*i.e.*, a plaintiff "must demonstrate" her claim falls within an exception—applies *after* fact discovery and not during preliminary objections when we must accept a plaintiff's factual allegations as true. *See, e.g.*, *Bilt-Rite*, 866 A.2d at 274. Because Plaintiff need not *prove* her claim at this stage, we examine whether she adequately alleged a duty.

## B. Statutory Duties Versus Common Law Duties Under the Act

The District posits that Plaintiff cannot plead a cognizable duty because the District has no duty to protect students absent a statutory duty. Dist.'s Br. at 13. The District acknowledges statutory duties to conduct background checks, expel convicted students, and report suspected child abuse, but maintains that no statute requires monitoring hallways or searching for students absent from an after-school program. *Id.* at 14-17.[8] The District criticizes the trial court's reliance on 24 P.S. § 13-1317, arguing that it imposes no protective duty. *Id.* at 21-22 (assailing the court's "only legal authority . . . for this erroneous proposition," which was from the *Upper Merion* dissent).

---

[8] To be exact, the District argued: "Schools have no duty of care or protection, except where a special relationship exists, or the District's own actions create the danger that caused the injury (state created danger)." Dist.'s Br. at 16-17. In support, the District's brief stated: "A school district is not the 'insurer of the safety of children *attending its schools*.' *Cooper v. City of Pittsburgh*, 136 A.2d 463, 464-65 (Pa. 1957)." *Id.* at 16 (emphasis added). The emphasized clause, however, is absent from *Cooper*, which addressed negligence for injuries on a public playground—not a school. *See Cooper*, 136 A.2d at 464-65. The District's brief also mischaracterized another quotation. *See* Dist.'s Br. at 25 (quoting a party's *argument* but presenting the quotation as the *holding* of *Kleinknecht v. Gettysburg College*, 989 F.2d 1360, 1366 (3d Cir. 1993)). Also, a state-created danger is not an element of negligence; it is an element for a 42 U.S.C. § 1983 constitutional claim. *See Morrow v. Balaski*, 719 F.3d 160, 165-67 (3d Cir. 2013) (*en banc*) (discussing the relevant Section 1983 elements and noting a pendent claim for negligence); *Mohammed v. Sch. Dist. of Phila.*, 196 Fed. Appx. 79, 81 (3d Cir. 2006) (same); *R.W. v. Manzek*, 888 A.2d 740, 743-44, 752 n.14 (Pa. 2005) (declining to address "how the 'foreseeable and fairly direct' element of a state created danger cause of action compares to the foreseeability analysis necessary to *establish* a duty in a state negligence cause of action" (emphasis added)).

Plaintiff counters that the District ignores that a negligence claim does not require any specific statutory duty. Pl.'s Br. at 9-12. Plaintiff reasons that a school, "as a matter of common law," "has an unmistakable duty to create and maintain a safe environment for its students . . . ." *Id.* at 21 (quoting *Westmoreland Intermediate Unit No. 7 v. Westmoreland Intermediate Unit No. 7 Classroom Assistants Educ. Support Pers. Ass'n, PSEA-NEA*, 977 A.2d 1205, 1209 (Pa. Cmwlth. 2009) (*Westmoreland*), *vacated and remanded on other grounds*, 66 A.3d 250 (Pa. 2013) (*per curiam*)).

We briefly reiterate that the Act permits liability under "common law or a statute creating a cause of action." 42 Pa.C.S. § 8542(a)(1). This disjunctive language preserves a common law negligence claim without requiring any statutory violation. *See id.* To plead negligence properly, a litigant must plead essential facts establishing a duty, breach, causation, and damages. *See Bilt-Rite*, 866 A.2d at 280; *Arner v. Sokol*, 96 A.2d 854, 855 (Pa. 1953).

Common law imposes a duty to exercise reasonable care to protect others from unreasonable harm resulting from a defendant's affirmative conduct. *Seebold v. Prison Health Servs., Inc.*, 57 A.3d 1232, 1246 (Pa. 2012) ("This duty appropriately undergirds the vast expanse of tort claims in which a defendant's affirmative, risk-causing conduct is in issue." (footnote omitted)). A school's protective duty derives from common law. *Westmoreland*, 977 A.2d at 1209 (stating "a school system has an unmistakable duty to create and maintain a safe environment for its students as a matter of common law").[9]

---

[9] *Accord* 78 C.J.S. Schools & School Districts § 505 (2025) ("School teachers and administrators have both a statutory and *common-law* duty not to subject students within their charge to a foreseeable and unreasonable risk of harm through acts, omissions, or school policy. This duty of care may include measures to protect others from criminal attacks, provided the attacks are reasonably foreseeable. The reckless or criminal nature of a tortfeasor's conduct does

9

In contrast to a common law-imposed duty, 24 P.S. § 13-1317 creates no affirmative protective duty: it grants teachers the same authority parents have regarding students' conduct and behavior. 24 P.S. § 13-1317.[10] Plainly, 24 P.S. § 13-1317 incorporates the *in loco parentis* doctrine without explicitly imposing any statutory duty to protect students. *Id.*

Initially, we respectfully reject the trial court's reliance on the *Upper Merion* dissent for the proposition that 24 P.S. § 13-1317 establishes a statutory duty to protect students under the *in loco parentis* doctrine. *See* Trial Ct. Op. at 2-3. A dissent "is not binding precedent." *Conrad v. Dep't of Transp. (Bureau of Driver Licensing)*, 226 A.3d 1045, 1056 (Pa. Cmwlth. 2020). Nevertheless, it is well-settled that we may affirm the trial court on other grounds. *See Mazer*, 337 A.2d at 562 n.6.

On the merits, the Act permits a common law cause of action such as negligence, which required Plaintiff to plead essential facts establishing a duty. *See* 42 Pa.C.S. § 8542(a)(1); *Bilt-Rite*, 866 A.2d at 280. One well-settled common-law duty is a school's duty to maintain a safe environment for students. *See Westmoreland*, 977 A.2d at 1209. Plaintiff pleaded essential facts regarding that duty: the District held an after-school program, at which it represented it would supervise the attending students, and thus should have taken reasonable steps to protect E.C. from harm. *See* Am. Compl. ¶¶ 22-32, 80. In sum, Plaintiff pleaded a cognizable common law negligence claim. *See* 42 Pa.C.S. § 8542(a)(1).

---

not place it beyond the scope of a duty of reasonable care if that duty entails foresight and the prevention of precisely such a risk." (emphasis added) (citation modified)); *see also* Restatement (Second) of Torts §§ 302 & cmt. a, 320 & cmt. a (imposing a duty on public school teachers) & b.

[10] "Every teacher, vice principal and principal in the public schools shall have the right to exercise the same authority as to conduct and behavior over the pupils attending his school, during the time they are in attendance, including the time required in going to and from their homes, as the parents, guardians or persons in parental relation to such pupils may exercise over them." 24 P.S. § 13-1317.

10

Additionally, the Act states that the District can be held liable for negligence. *See* 42 Pa.C.S. §§ 8542(a)(2), (b)(9). The Act's recognition of negligence liability presupposes the existence of a cognizable common law duty whose breach could result in negligence. *See id.* Thus, because the Act itself permits liability for negligence, we reject the District's argument that Plaintiff cannot plead a common law duty. *See id.*; *L.F.V.*, 340 A.3d at 399-400.

### C. Foreseeability

#### 1. Arguments

The District argues that "Plaintiff has failed to plead any facts that would show that the risk of harm that E.C. allegedly suffered was even generally foreseeable," *i.e.*, Plaintiff has not pleaded "one example of a prior incident involving a student being sexually assaulted by another student" in a restroom. Dist.'s Br. at 19. In its view, the three prior assaults—basketball team locker room hazing, a gun incident, and teacher misconduct—cannot establish foreseeability of student-on-student sexual assault in a restroom. *Id.* at 17-18. The District argues these incidents are distinguishable because (1) the hazing involved same-sex conduct in a locker room; (2) the gun incident involved no sexual assault; and (3) the teacher misconduct was not student-on-student assault. *Id.* at 18. Imposing a duty based on these incidents, the District argues, would require "constant surveillance" of restrooms and effectively impose strict liability for a third-party's criminal acts. *Id.* at 16, 18-20 (citing, *e.g.*, *Close v. Voorhees*, 446 A.2d 728 (Pa. Cmwlth. 1982)).

Plaintiff counters that she alleged the District's specific representations about after-school supervision and its awareness of prior incidents, which establish the District's recognition of its duty. Pl.'s Br. at 13-14. Plaintiff argues that at the preliminary objections stage, the court must accept as true her allegations that the

District was aware of potential student harm. *Id.* at 14-15. She asserts that foreseeability requires only a "general type of risk," and not identical prior incidents. *Id.* at 15-16. Plaintiff maintains that determining whether those prior incidents establish foreseeability presents a factual question inappropriate for preliminary objections. *Id.*

## 2. Foreseeability

In deciding whether a defendant owes a *novel* common-law duty to a plaintiff, we consider five factors, which include "foreseeability of the harm incurred." *Dittman*, 196 A.3d at 1040 n.2; *Seebold*, 57 A.3d at 1246; *see Alderwoods (Pennsylvania), Inc. v. Duquesne Light Co.*, 106 A.3d 27, 40 (Pa. 2014) (*Alderwoods*) (explaining these factors are "more relevant to the creation of new duties than to the vindication of existing" duties). In contrast, when a defendant has violated an *existing* duty to create and maintain a safe school environment, foreseeability—in that context—may negate a defendant's negligence. *See Dittman*, 196 A.3d at 1046-48.

In *Dittman*, a third party hacked an employer's computer that stored its employees' personal information, the employees sued the employer for negligence, and the trial court dismissed the claim for failure to state a duty. *Id.* at 1038, 1040. On appeal, the employees argued negligence based on a "longstanding preexisting duty" that "anyone who does an affirmative act is under a duty to others to exercise" reasonable care "to protect them against an unreasonable risk of harm to them arising out of the act." *Id.* at 1044 (citation modified). Foreseeability, they argued, limits this broad common-law duty. *Id.* Per the employees, the employer should have foreseen that its failure to exercise reasonable care would lead to a "criminal data breach." *Id.* at 1044-45. The employer countered that the third party's act, "not any

12

affirmative conduct" by the employer, "created the risk of harm and that it cannot be held liable" based on a general risk of data breaches. *Id.* at 1045.

The *Dittman* Court agreed with the employees that they had alleged a violation of a *preexisting* common law duty as opposed to a *new* duty. *Id.* at 1046. *Dittman* rejected the employer's argument "that the presence of third-party criminality . . . *eliminates* the duty it" owed to the employees. *Id.* at 1047 (emphasis added). Foreseeability, *Dittman* explained, goes not to the existence of a duty but to the negation of the defendant's liability, *i.e.*, whether the third party's criminal act is a superseding cause of the plaintiff's harm. *Id.* at 1047-48. Because the employees had stated a common law duty, our Supreme Court reversed. *Id.* at 1056.

*3. Misapprehension of Foreseeability*

Instantly, the District misapplies these foreseeability principles by arguing it had no duty absent notice of a potential restroom sexual assault. The District has a common law duty to create and maintain a safe school environment. *See Westmoreland*, 977 A.2d at 1209. As in *Dittman*, where the Court distinguished between creating a new duty and applying an existing duty to novel facts, the issue is not whether to impose a new duty on the District but whether it violated a preexisting duty. *See Dittman*, 196 A.3d at 1046-48. Identical to the employer in *Dittman*, the District also erred by misapplying foreseeability. *See id.*

We also disagree with the District's reliance on *Close*, which addressed school liability for student-on-student violence under the Act. *Close*, 446 A.2d at 730. In that case, one student killed another student at school. *Id.* The trial court sustained the defendants' preliminary objections invoking immunity, and the plaintiffs appealed. *Id.* On appeal, the plaintiffs argued that their claim fell within an exception to immunity, *i.e.*, the defendants had care, custody, or control of the

real property (the school). *Id.* at 732. This Court disagreed, reasoning that the plaintiffs' negligence claim was essentially a claim that the school insufficiently supervised the students. *Id.* *Close*, however, did not involve the sexual abuse exception. *See id.* Unlike *Close*, which predates the Act's sexual abuse exception, Plaintiff has pleaded facts that, if proven, fall squarely within the Act's exception. *See L.F.V.*, 340 A.3d at 404; *Maloney*, 984 A.2d at 485-86.

In that regard, we also reject the District's apparent concerns about strict liability. Plaintiff must plead *and* prove negligence. *See* 42 Pa.C.S. § 8542(b)(9). The Act recognizes that the District can be held liable for negligence enabling sexual assault. *See id.*

To be clear, the relevant question is whether the District "realized or should have realized the likelihood that such a situation might be created" where a third party could commit a crime against E.C. *See Dittman*, 196 A.3d at 1047-48 (citation omitted). This question, however, cannot be resolved on preliminary objections, when we must accept Plaintiff's facts as true. *See Bilt-Rite*, 866 A.2d at 274.

## IV. CONCLUSION

For these reasons, we affirm the trial court's order, which overruled the District's preliminary objections in part and sustained them in part by dismissing Plaintiff's second count of her initial complaint. Plaintiff pleaded a long-standing common-law duty for its negligence claim. The District may prove its affirmative defense of immunity at the appropriate procedural juncture. Plaintiff must still prove her claim.

_____
**LORI A. DUMAS, Judge**

14

**IN THE COMMONWEALTH COURT OF PENNSYLVANIA**

L.B., Individually as Parent
and Natural Guardian of E.C.,
a Minor

          v.

Leechburg Area School District,
            Appellant

   :   **CASE SEALED**
   :
   :
   :
   :   No. 1156 C.D. 2023
   :
   :
   :
   :
   :
   :

# O R D E R

AND NOW, this 20th day of October, 2025, we AFFIRM the August 1, 2023 order entered by the Court of Common Pleas of Armstrong County, which sustained in part and overruled in part the preliminary objections filed by Leechburg Area School District.

Jurisdiction relinquished.

**LORI A. DUMAS, Judge**